# McKerrahan to the use of Snowden *versus* Crawford's Executors.

1. An executor paid a judgment against the estate with his own money, the whole personal estate having been expended for other debts. *Held,* that he might recover the amount from the real estate.

2. An executor may buy a judgment against the estate with his own money, if the estate has not the means of paying.

3. A scire facias was issued on the judgment, the executor being named as a defendant, and also with others as an heir; he pleaded payment. *Held,* that he was not estopped at the trial by this plea.

4. The other defendants had no rights under the plea upon which it would have been a fraud to show the truth.

5. Estoppels, whether claimed as of record or *in pais,* must, to be such, be within the principle which gives them force before they will be effectual.

November 5th 1868. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., absent.

Error to the District Court of *Allegheny county:* No. 57, to October and November Term 1868.

This was a scire facias sur judgment, issued April 11th 1865, by Matthew McKerrahan, for the use of Edward Snowden, Esq., against Margaret Crawford and William H. Crawford, executors, &c., of Edward Crawford, deceased, with notice to Margaret Crawford, widow, Matthew McKerrahan and Margaret his wife, William H. Crawford and others, heirs or devisees of Edward Crawford, deceased. Margaret Crawford and William H. Crawford pleaded payment. Two of the heirs filed an affidavit of defence, averring that there was a balance of $360.80 in the hands of the executors applicable to the judgment, and more than sufficient to pay it; that the judgment is not the property

of Snowden, but that W. H. Crawford furnished Snowden the money to pay it. The same heirs pleaded payment with leave, &c.

On the trial before Hampton, P. J., the plaintiff gave in evidence a judgment for $250, Matthew McKerrahan against Margaret and William H. Crawford, executors, &c., of Edward Crawford, deceased, entered December 5th 1864, and assigned to E. Snowden March 8th 1865. The plaintiff here rested.

Under objection and exception by the plaintiff, E. Snowden testified for the defendants that he was of counsel with the executors. The judgment was paid to the plaintiff and assigned to witness; he declined to part with the judgment till his fees were paid; it was assigned to him to save his fees; he held it till he got his fees, which were paid by William H. Crawford; witness gave him a paper, showing that he held the judgment for his use.

The plaintiff then offered to prove "by the account of the executors of Edward Crawford, and the auditor's report thereon, that the whole personal estate was expended in payment of the debts, and a small balance due the executors, and that there is no credit or claim of credit thereon for the money furnished by W. H. Crawford to buying this judgment." The offer was rejected, and a bill of exceptions sealed for the plaintiffs.

The court instructed the jury, that taking all the evidence in the case to be true, together with the pleadings on the record, the plaintiff is not entitled to recover, and their verdict should be for defendants.

The verdict was for the defendants. The plaintiff took a writ of error, assigning for error the decision as to the offers of evidence and the instruction of the court.

*R. & S. Woods* (with whom was *W. C. Aughinbaugh*), for plaintiff in error.

*Collier, Miller & McBride*, and *S. A. & W. S. Purviance*, for defendants in error.

The opinion of the court was delivered, January 4th 1869, by
Thompson, C. J.—This scire facias was issued for the purpose of reviving the judgment of McKerrahan, obtained against the executors of Edward Crawford, deceased, against the widow and heirs and legal representatives of the decedent; and the defendants, upon whom service of the writ was made, pleaded payment, and on this plea went to trial.

In order to sustain their plea they called the assignee of the judgment for whose use it was marked, and proved by him that he was a trustee of it for William H. Crawford, one of the executors, and a defendant in the scire facias. But he further distinctly testified that Crawford furnished the money for the pur-

[McKerrahan *v.* Crawford's Executors.]

chase of it from McKerrahan, and that it was assigned to him as security for counsel fees due him by Crawford. Thus it clearly appeared, that the judgment was not technically satisfied, but intended to be kept on foot for the use of Crawford. Having made this proof, the defendants rested. It is very questionable whether this was sufficient to have sustained the defendants' plea. But any question on this point, was put at rest by the offer of testimony on part of the plaintiff, which was to show by the account of the executors filed in the Orphans' Court, that the whole personal estate had been expended in payment of debts, without reaching the judgment of McKerrahan, and that the money paid for the assignment was the private funds of William H. Crawford; that none of it belonged to the estate, and that the executors had none belonging to the estate, by which it could have been paid off or bought in. The court excluded the offer, and it is difficult to tell why. It was certainly an answer to the defendants' testimony given for the purpose of raising the presumption that the judgment was paid off by the money of the estate. Its satisfaction could not be pretended unless this was so. It was therefore competent evidence.

There was nothing wrong in the executor buying the judgment with his own money, if the estate had not the means of paying it off, and this it was the purpose of the offer to show. It did the estate no harm.

But it seems to have been thought that the testimony if received would contradict the defendant Crawford's plea. This consideration should not have controlled, unless he would be estopped by it. It is possible he might be estopped after verdict and judgment, but he was not estopped at the time of the offer. The other defendants had no rights under it, which it would have been a fraud upon to show the truth about. This is the very essence of all estoppels. Estoppels are said to be odious in law, because they always exclude the truth, and hence whether claimed as of record or in *pais*, they must, to be such, be within the principle which gives them force, before they will be effectual. The very offer of the testimony showed that as to William H. Crawford, the plea of payment was a mistake, put in, in all probability, by his co-heirs and co-executor, and the court should have received it, and struck out the plea, or permitted it to be withdrawn as to him. The manifest justice of the case required this, and the court should not have allowed it to have been defeated, when the remedy was so plainly at hand. For the rejection of the testimony, the judgment must be reversed, and it will be for the plaintiff to say, if an amendment of William H. Crawford's plea will not be expedient before, or on, another trial.

Judgment reversed, and *venire de novo* awarded.