# Sterling Bronze Company, Appellant, *v.* Syria Improvement Association.

*Mechanic's lien—Verdict and judgment—Five-year limitation—Loss of lien.*

Where a verdict is not recovered on a scire facias sur mechanic's lien until after five years have expired from the issuance of the scire facias, the lien is wholly lost. In such a case no personal action remains on the contract, inasmuch as the Act of June 4, 1901, P. L. 431, giving such an action, is unconstitutional.

Argued Oct. 27, 1909. Appeal, No. 174, Oct. T., 1909, by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1903, No. 814, arresting judgment in case of Sterling Bronze Company v. Syria Improvement Association, Owner or Reputed Owner and Contractor. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Scire facias sur mechanic's lien. Before FORD, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order arresting the judgment.

*R. A. Balph,* with him *James Balph,* for appellant.—The act of 1901 provides that a judgment on a scire facias against the person with whom the claimant has contracted has the effect of a personal judgment, although the claim against the building may be defeated.

We think that the word " claim " as used in the last sentence of sec. 10, and relied upon by the court below, means and is intended to mean, claim for a lien upon the building.

The court should have allowed judgment to be entered upon the verdict for the amount thereof; and the claimant should, upon the request of the defendant owner, enter satisfaction upon the record, which satisfaction would forever discharge the lien. This would allow the personal judgment to remain, and relieve the land from the lien of the claim.

*l*

476 STERLING B. CO., Appellant, v. SYRIA IMP. ASSN.

*William A. Jordan*, with him *Chantler & McClung*, for appellee.—The appellee respectfully submits that the appellant has not complied with the requirements of sec. 10 of the act of 1901, and that therefore his lien is lost: Kountz v. Consolidated Ice Co., 36 Pa. Superior Ct. 639; Meason's Estate, 4 Watts, 341; Ward v. Patterson, 46 Pa. 372; Hershey v. Shenk, 58 Pa. 382; Hunter v. Lanning, 76 Pa. 25.

That the mechanic's lien act of 1901 gives no rights in personam, and that wherein it seeks to do so, it is unconstitutional, has twice been decided by the Supreme Court of this state: Vulcanite Paving Co. v. Transit Co., 220 Pa. 603; Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

The disposition made of this case by the learned court below is so clearly right under the recent decisions of this court that but little need be said in support of the motion allowed in arrest of judgment. The proceeding is a scire facias sur mechanic's lien which had expired by lapse of time. The record shows that the lien was filed February 6, 1903; a scire facias was issued thereon the same day; a jury was called, impaneled and sworn November 10, 1908; a verdict for plaintiff was returned November 11, 1908, and the judgment was arrested February 9, 1909. In other words, the verdict was obtained five years, nine months and three days after the scire facias had issued. Section 10 of the act of 1901 requires the scire facias to be issued within two years from the date of filing the claim and provides that a verdict must be recovered or a judgment entered thereon within five years after it is issued, which was not done in the present case. It is further provided in the same section of the act that if the claim be not filed within the time required, or if it be not prosecuted in the manner and at the time or times specified it shall be wholly lost. The claimant under a lien of this character has no greater right than the legislature gave him. He is given a preference as a lien creditor against the building and the necessary curtilage for which he furnished labor or materials, but this preference being of statutory origin must stand or fall upon compliance

or noncompliance with the conditions and requirements imposed by the act under which the lien is authorized. There can be no doubt of the legislative intention to require reasonable diligence in the prosecution of claims of this character because the act has definitely fixed the period in which such a lien may be filed, a verdict recovered and judgment entered. The act has prescribed the penalty for noncompliance with the statutory requirements by providing that the lien shall be wholly lost by failure to do the things required within the time or times specified. The appellant failed to meet the statutory burden and by reason thereof has lost its lien against the building, including the necessary curtilage for which the materials were alleged to have been furnished.

It is contended for appellant that notwithstanding the lien may have been lost against the building by failure to prosecute the scire facias to verdict or judgment within the five-year period, the proceeding may still be maintained for the purpose of enforcing liability in a personal action under the contract. The ground of this contention is that the act of 1901 provides two remedies, one a proceeding in rem against the building and the other a personal action on the contract. This position cannot be sustained for the reasons given by this court in three recent decisions involving the exact question: Vulcanite Portland Cement Company v. Allison, 220 Pa. 382; Vulcanite Paving Company v. Rapid Transit Co., 220 Pa. 603; and Taylor Lumber Company v. Board of Trustees of Carnegie Institute, 225 Pa. 486. Any new method for the collection of the debt or for the enforcement of the judgment provided by the Act of June 4, 1901, P. L. 431, which gives the right to proceed in a personal action against the owner or contractor, is obnoxious to art. III, sec. 7, of the constitution of 1874 and cannot be enforced by a proceeding in rem to bind the building by a lien properly filed against it.

Judgment affirmed.