# Wilkinsburg Borough School District's Case.

*Bankruptcy—State and Federal courts—Jurisdiction—Dispute as to title of property—Constitutional law.*

Where a contractor is adjudicated a bankrupt, and thereafter the owner of the building pays into court a sum of money due the contractor upon an estimate, and, in proceedings to distribute the fund questions of law and fact arise among three different claimants, and particularly where the constitutionality of the Pennsylvania Mechanics Lien Act is called in question, it is the duty of the court below to pass upon the various questions of law and fact raised in the proceedings, before turning over the fund to the trustees in bankruptcy.

Argued Oct. 30, 1911. Appeal, Nos. 100 and 101, Oct. T., 1911, by American Bridge Co. and Wilkinsburg Borough School District, from order of C. P. No. 2, Allegheny Co., Jan. T., 1910, No. 459, directing money to be paid over to a trustee in bankruptcy in the matter of the Application of School District of Wilkinsburg Borough. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Proceedings to distribute money paid into court, Before FRAZER, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order directing the fund to be paid to the trustee in bankruptcy.

*James E. Hindman,* with him *Reed, Smith, Shaw &
Beal,* for appellant.—The same Court has jurisdiction
of controversies between trustees in bankruptcy and
adverse claimants, concerning property or funds which
have never been in the possession of the Bankruptcy
Court or its officers, as would have had jurisdiction of
the controversies had bankruptcy proceedings not been
instituted: In re Rathman, 183 Fed. Repr. 913; First
Nat. Bank v. Chicago Title & Trust Co., 198 U. S. 280
(25 Sup. Ct. Repr. 693); Bardes v. Hawarden Bank,
178 U. S. 524 (20 Sup. Ct. Repr. 1000; Louisville Trust
Co. v. Comingor, 184 U. S. 18 (22 Sup. Ct. Repr. 293);
Murphy v. John Hofman Co., 211 U. S. 562 (29 Sup.
Ct. Repr. 154); Frank v. Volkommer, 205 U. S. 521 (27
Sup. Ct. Repr. 596).

*George H. Rankin,* for appellee.—The trustee in
bankruptcy is the proper person entitled to collect and
receive money owing to the bankrupt: King v. Dietz,
12 Pa. 156; Loveland on Bankruptcy, (3rd. Ed.) 118;
Trimble v. Woodhead, 102 U. S. 647; In re Knight, 125
Fed. Repr. 35; Carpenter Bros. v. O'Connor, 16 O. C. C.
526.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

A dispute arose between P. W. Finn, contractor, and
the American Bridge Company, sub-contractor for the
erection of a high school building in Wilkinsburg, as
to the right to a sum of money due upon an estimate.
Upon petition of the School District, the money was
paid into court.   On September 2, 1910, the Common-
wealth Trust Company of Pittsburgh, which had been
appointed trustee for Finn, who had been adjudicated
a bankrupt, filed a petition praying that the fund in
court should be paid over to it as such trustee.
Answers were filed by the school district and the sub-
contractor, the American Bridge Company, each claim-

ing the money in court; the former as a fund for the
completion of the contract, and the latter under the
provisions of the Mechanics Lien Act of June 4, 1901,
Sec. 6, P. L. 431, as amended by the Act of April 22,
1903, P. L. 255. On January 21, 1911, the school dis-
trict filed a petition averring the unconstitutionality
of these acts of assembly, and prayed that the money
paid into court should be returned to it to be used for
the completion of work, occasioned by the default of
Finn in the completion of his contract. Answers were
filed by both the trustee in bankruptcy, and the sub-
contractor, affirming the constitutionality of the pro-
visions of the Mechanics' Lien Act in question, and de-
nying the right of the school district to the money.

The case was heard as upon the petitions and
answers. The court below refused to pass upon the
questions raised as to the constitutionality of the Acts
of Assembly, or upon the merits of the respective
claims, and ordered the fund to be turned over to the
trustee in bankruptcy, and relegated to the bankruptcy
court the determination of the whole matter. Both the
Wilkinsburg School District and the American Bridge
Company have appealed, and assign for error the
order directing payment of the fund in court to the
Commonwealth Trust Company, trustee in bankruptcy
of P. W. Finn. Both appeals were argued together,
and appellants have filed a joint paper book.

The questions involved, as stated by appellants, are
whether the court below should not have passed upon
the constitutionality of the 6th section of the Me-
chanics Lien Act, which was raised by the pleadings,
and should not have adjudicated the other questions
relating to the distribution of the fund in court. The
United States Bankrupt Law (Act of July 1, 1898, ch.
541) (30 St. 544), by section 23 b provided: "Suits by
the trustee shall only be brought or prosecuted in the
courts where the bankrupt, whose estate is being ad-
ministered by such trustee, might have brought or

prosecuted them if proceedings in bankruptcy had not been instituted, unless by consent of the proposed defendant." Under this section, the Supreme Court of the United States held in Bardes v. Bank, 178 U. S. 524, (opinion by Mr. Justice Gray, p. 536) that "the ascertainment, as between the trustee in bankruptcy and a stranger to the bankruptcy proceedings, of the question whether certain property claimed by the trustee does or does not form part of the estate to be administered in bankruptcy" was not "brought within the jurisdiction of the national courts solely because the rights of the bankrupt and of his creditors have been transferred to the trustee in bankruptcy." By the Act of February 5, 1903, ch. 487 (32 St. 797) the above section was amended by adding the words "Except suits for the recovery of property under section 60, subdivision b, and section 67, subdivision e" were added. These sub-divisions referred to, relate to matters which do not apply to the present case. It would seem therefore that the Supreme Court held that the Federal Courts were without jurisdiction to determine questions in controversy between the trustee in bankruptcy, and other claimants of such a fund as that now in court. But the Act of 1903 also amended section 60 b, section 67 e and section 70 c, by adding to each of them the words "For the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction." In Frank v. Vollkommer, 205 U. S. 521, Mr. Chief Justice Fuller thus comments: "The amendment (of 1903) gave the bankruptcy court concurrent and not exclusive jurisdiction." In Pickens v. Roy, 187 U. S. 177, the Chief Justice said (p. 180) that where a proceeding, involving the ownership of property claimed to belong to the bankrupt, was already pending in the State Court, "it was the right and duty of that court to proceed to final decree notwithstanding

adjudication, the rule being applicable that the court which first obtains rightful jurisdiction over the subject matter should not be interfered with."

In the present case the rule to pay the money into court was not taken until after the adjudication in bankruptcy, but the order was made before the appointment of the trustee and with notice to the receiver, the same corporation which was afterwards appointed trustee. No answer to the rule was filed by the receiver.

Under the rulings of the Supreme Court of the United States, above quoted, we think it is clear that the court below had jurisdiction to pass upon the rights of the various claimants to the fund, including that of the trustee in bankruptcy. It was therefore the duty of the court below to decide the questions of law and fact raised by the petitions and answers, and the order made without considering those questions upon their merits, was erroneous. Especially was it the duty of the court to decide the questions raised as to the constitutionality of provisions of the Mechanics Lien Acts of 1901 and 1903. The courts of Pennsylvania are the proper tribunals in which to determine the validity of statutes of our State alleged to offend against the State Constitution.

The assignment of error is sustained, and the judgment is reversed.