# Smith's Appeal.

*Constitutional law—Constitution of Pennsylvania, Art. III,
Sec. 7—Local and special legislation—Mechanics' liens—Act of
April 22, 1903, P. L. 255—Special method of collection of debts.*

The Act of April 22, 1903, P. L. 255, amending the mechanics'
lien law of June 4, 1901, P. L. 431, and providing for a method
of recovering for labor or materials furnished for a structure or
improvement for purely public purposes, in lieu of the lien given
by the mechanics' lien law, is unconstitutional, because it creates
a new method for the collection of a debt due for labor and ma-
terials in violation of Article III, Section 7, of the Constitution.

Argued April 13, 1913. Appeal, No. 245, Jan. T.,
1912, by George E. Smith, Administrator d. b. n. of
George W. Keefer, deceased, from decree of C. P. Mifflin
Co., May T., 1912, No. 44, in the Matter of the Petition
of the Board of School Directors of Lewistown Borough
to pay into court balance due on contract with George
W. Keefer, deceased,—Spring Garden Brick Company
and Monroe H. Kulp & Co., intervening petitioners.
Before FELL, C. J., BROWN, MESTREZAT, POTTER and
ELKIN, JJ. Reversed.

Petition for leave to pay money into court. The court
granted the petition and appointed an auditor to dis-
tribute the fund.

The opinion of the Supreme Court states the facts.

WOODS, P. J., filed an opinion dismissing exceptions
to the auditor's report. George E. Smith, administra-
tor, etc., appealed.

*Error assigned* was in dismissing the exceptions.

*C. M. Clement,* with him *J. H. McDevitt* and *C. F.
Clement,* for appellant.

*L. J. Durbin,* with him *A. Reed Hayes,* for Monroe H. Kulp & Co., Intervening Petitioner.

*Rufus C. Elder* filed a paper book for appellee.

OPINION BY MR. JUSTICE ELKIN, May 28, 1913:

The fund for distribution, being the balance due the contractor for the erection of a school building, was paid into court under the authority of the Act of April 22, 1903, P. L. 255. The money was paid into court several months after the death of the contractor and before the filing of any claims for labor and materials furnished. Indeed, no claims against the building were filed at any time and hence there are no liens of record to be considered in disposing of the questions raised by this appeal. The Act of 1903 authorizes the procedure followed in the present case and the main question for decision here is whether this statute provided a new method for the collection of debts or the enforcing of judgments. Under all of our recent cases, if the act in question did provide a new method for the collection of a debt or the enforcing of a judgment, it would be inoperative for the purpose intended because in conflict with the organic law. This has been expressly ruled in Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; Sterling Bronze Co. v. Syria Improvement Assn., 226 Pa. 475; Page v. Carr, 232 Pa. 371. It is difficult to see upon what ground the Act of 1903 can be sustained without disregarding what was said in these cases. A mechanic's claim was intended to be a lien against the building for which labor and materials were furnished. It is a proceeding in rem and has always been so regarded. Those who furnish labor or materials in the erection of a building are given a preference over other general creditors in the distribution of a fund arising from the sale of the building itself, but it was never intended to make this system the

basis of personal actions against the contractor or the owner, or any one else. It is expressly provided in the Act of 1903 that the method there adopted shall be in lieu of the lien which might otherwise be entered. Under this act the filing of a claim is dispensed with and the old method of proceeding by scire facias to obtain judgment made obsolete. The act does not require any lien to be filed nor does it provide any method heretofore recognized for reducing such a claim to judgment and for enforcing collection of the same. Certainly this is a new method for the collection of a debt due for labor and materials under our system of mechanics' lien laws. Again, when the contractor died the balance due him on his contract passed to his personal representative as a chose in action at least and as an asset of the estate. All of which was denied his administrator by the distribution of the fund in the court below. In other words, this fund was carved out of the estate of the deceased contractor and distributed without any regard to the law relating to the duties of an administrator and the distribution of the estates of decedents. Surely a law that makes it possible to collect a debt by ignoring the orderly administration of one's estate, must be regarded as a new method of enforcing a judgment or collecting a debt. We think the Act of 1903 comes under the ban of the Constitution and cannot be sustained. This view makes it unnecessary to discuss several other interesting questions raised by the learned counsel for appellant. Under the circumstances the school board acted prudently in paying the money into court and should not be mulcted in costs.

Decree reversed and record remitted with directions to pay the fund in question less proper costs to George E. Smith, administrator d. b. n. of George W. Keefer, deceased, to be accounted for in the administration of said estate. All costs up to the present time to be paid out of the fund.