# Wilkinsburg Borough School District Case.

*Practice, C. P.—Payment into court—Mechanics' liens—Act of April 22, 1903, P. L. 255—Payment under act—Return of payment—Estoppel.*

1. Where a fund alleged to be due a contractor was paid into court by a school district under a provision of the mechanics' lien Act of April 22, 1903, P. L. 255, which was subsequently declared unconstitutional by the Supreme Court, the lower court erred in refusing the return of the fund to the school district and in ordering it paid into the hands of the trustee in bankruptcy of the contractor.

2. In such case the school district, by the payment of such fund into court and proceeding under the act in question, is not estopped from asserting its claim against the fund for damages alleged to have been suffered prior to such payment into court through the failure of the contractor to complete the contract, where the statute of limitation has not run, where no one has changed his position for the worse since or because the proceeding was taken, and where the court below has not thereby been led to adopt a particular course from which it could not properly recede.

3. While under some circumstances a party who has availed himself of the benefits of an unconstitutional piece of legislation may be estopped from asserting its invalidity, even in such cases the usual rule is applied that an estoppel will never be given effect when a refusal so to do will not prejudice the one who asserts the estoppel.

Argued Oct. 20, 1914.   Appeal, No. 31, Oct. T., 1914, by the School District of the Borough of Wilkinsburg, from the order of C. P., No. 2, Allegheny Co., Jan. T., 1910, No. 459, directing money to be paid over to a trustee in bankruptcy in the matter of the application of School District of Wilkinsburg, Pa.   Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Reversed.

Proceedings to distribute money paid into court.   Before CARNAHAN, J.

The facts are stated in the opinion of the Supreme

Court, and in Wilkinsburg Borough School District's Case, 234 Pa. 373.

The lower court entered an order discharging the petition of the School District of Wilkinsburg for the return of the fund in court and ordered the fund paid to the trustee in bankruptcy of P. W. Finn. The school district appealed.

*Error assigned* was in directing the fund to be paid to the trustee in bankruptcy.

*James E. Hindman,* for appellant.

*George H. Rankin,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

One P. W. Finn had a contract to erect a building for the school district of the Borough of Wilkinsburg; a dispute arose over a fund alleged to be due him, and the school district paid the money into court under the Act of April 22, 1903, P. L. 255, as more fully stated in our opinion on a former appeal reported in 234 Pa. 373. The present appeal is from an order of the court below discharging a rule taken by the school district for the return to it of the fund in question and making absolute a rule on behalf of the Commonwealth Trust Company, trustee in bankruptcy for Finn, for the payment of the fund to it. When the case was here before, we reversed a similar order because the Common Pleas had not passed upon the constitutionality of the Act of 1903, supra; but subsequently, in Smith's App., 241 Pa. 336, we declared that act unconstitutional. After the Smith decision, the rules to obtain possession of the fund were renewed, and the court below made the order now complained of. The school district contends that, since the act under which it paid the money into court was void, all the proceedings thereunder were of no effect, and the fund should

be returned to it; while the trustee in bankruptcy of the contractor contends that, under our opinion in 234 Pa. 373, supra, the court below had the power to award the fund to it, and the Bankrupt Court is the proper tribunal to make distribution thereof. The latter contention was sustained.

All we said in our prior opinion concerning the duty to make distribution of the fund, was meant to apply only in case the court below found the Act of 1903 constitutional; but when it found this act, under which the money was paid into court, invalid, then it had no further jurisdiction or power in the premises, other than to dismiss the original petition and return the fund to the source from which it came. When the money is again in the hands of the school district, the contractor's trustee in bankruptcy may bring his action in the court below, the school district may enter its defense, and the various issues between these parties, sought to be tried out in the present proceedings, can be adjudged; we do not now determine any of these issues, but simply decide that the money must go back to the school district, so that all parties may be placed in the same position that they would have occupied had the fund never been paid into court.

The mere payment of money into court, ordinarily, does not prejudice the rights of the payor to enter a defense to the whole cause of action [Elliott v. Lycoming County Mutual Ins. Co., 66 Pa. 22; Baltimore & Ohio R. R. Co. v. Veltri, 37 Pa. Superior Ct. 399, 404], and we find nothing in the statutory proceedings at bar, or in the pleadings thereunder, to work an estoppel in law that would forbid the school district asserting against this fund its claim for damages, alleged to have been suffered prior to the payment of the money into court, through the failure of Finn to complete his contract. All the admissions claimed to be present in the pleadings in this case, to the effect that the school district in fact owed the contractor the amount paid into court, can be

brought before the proper tribunal when the trustee in
bankruptcy seeks to enforce its claim by an appropriate
action at law, and their force and effect can then be duly
passed upon. Finally, we see no merit in the contention
that by proceeding under the Act of 1903, supra, the
school district is estopped from asserting the invalidity
of that statute. While there may be instances where a
party who has availed himself of the benefits of an un-
constitutional piece of legislation is estopped from as-
serting its invalidity, yet, they are rare; and even in
such cases the usual rule applies that an estoppel will
never be given effect when a refusal so to do will not
prejudice the one who asserts the estoppel. The statute
of limitations has not run, and so far as we are informed
by the record, no one has changed his position for the
worse since or because this proceeding was taken, nor
was the court below thereby led to adopt a particular
course from which it cannot properly recede; further-
more, we are not convinced that there has been any
"playing fast and loose" with the court, and under the
facts at bar, we do not see that any one will be preju-
diced by passing the money back to the school district,
and thus restoring the status quo.

Although none of the following cases is controlling
here, yet they discuss relevant principles, more or less
illustrative of the subject of estoppel: See, Eldred v.
Hazlett's Administrator, 33 Pa. 307, 316; Ormsby v.
Ihmsen, 34 Pa. 462, 471-2; Helser v. McGrath, 52 Pa.
531, 534; McKerrahan v. Crawford, 59 Pa. 390, 392. It
is true that in Smith's Appeal, supra, we directed the
fund in court to be paid to the personal representative
of the deceased contractor, instead of ordering its return
to the one who had paid it in; but there the public owner
admitted that the money belonged to the estate of the
contractor and made no claim to its return.

The assignment of error is sustained and the order of
the court below is reversed. The record is remitted with
directions to return the fund, less proper costs, to the

school district of the Borough of Wilkinsburg; all costs
to be paid out of the fund.