# Estate of John Hill.

*Wills—Construction of—Mortgages—Tracts subject to one mortgage—Payment—Wills Act.*

Where a testator, being the owner of four tracts of land, which were subject to one mortgage, specifically devised two of the tracts, and directed the residue of his estate to be sold and the proceeds of the sale after the payment of his debts, to be distributed among his children, the Orphans' Court properly ordered the mortgage paid out of the proceeds of the sale.

Section 18 of the Wills Act provides that "Unless the testator shall otherwise direct by his will, the devisee of real estate which is subject to mortgage shall take subject thereto, and shall not be entitled to exoneration out of the other estate of the testator, real or personal; and this whether the mortgage was created by the testator or by a previous owner or owners, and notwithstanding any general direction by the testator that his debts be paid."

Where the testator directs his debts to be paid out of some particular fund or property, out of which, according to the rule established by the Wills Act, they would not be primarily payable, he must be taken to signify an intention to exclude that rule.

It is not essential that the will shall contain an express pro-

vision that land specifically devised shall not be taken subject to the payment of a mortgage debt; it is sufficient if the will, taken as a whole, clearly implies that such debt is to be paid out of other property.

Argued October 27, 1925. Appeal No. 134, October T., 1925, by M. B. Hill, A. C. Hill, J. F. Hill and Carrie E. Starnes from the decree of the Orphans' Court of Franklin County, overruling exceptions to the report of W. J. Zacharias, Auditor, in the Estate of John Hill, deceased. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to an auditor's report. Before GILLAN, P. J.

The facts are stated in the opinion of the Superior Court.

Exceptions were overruled. Exceptants appealed.

*Error assigned* was the decree of the court.

*Paul M. Crider,* of *Minehart and Crider,* and with him *O. C. Bowers* and *W. S. Hoerner,* for appellants.

*John McD. Sharpe,* and with him *George W. Atherton* and *Walter K. Sharpe.*

OPINION BY PORTER, J., February 26, 1926:

John Hill, the testator, at the date of his will and of his death, was the owner of four tracts of real estate, viz: (1) A farm of 135 acres on which he resided, (2) The "Hade" tract of mountain land containing 102 acres, (3) Mountain land in Peters Township containing 1100 acres, and (4) Mountain land in Warren Township of 109 acres. These four tracts of land were all subject to a single mortgage securing a debt of $2500, with interest, which was at his death due and unpaid. The first paragraph of his will contained a general direction that all his debts and funeral ex-

penses be paid by his executor. The second paragraph contained a specific devise of the first and second tracts of land above mentioned to his daughter Sarah I. Hill and his two grandchildren, Ruth Houck and Carl Houck, share and share alike. Then came the direction that the remainder of his estate not specifically devised be disposed of as follows, namely: ''The residue of my estate I direct shall be sold and after the payment of my debts, the balance shall be distributed among my children share and share alike. The children of my deceased daughter, Mrs. Houck, taking the parent's share.'' The executor, George W. Atherton, was authorized and empowered ''to sell and convey my real estate herein directed to be sold.'' The executor, under the power thus conferred, sold the third and fourth tracts of land above mentioned and out of the proceeds of such sale paid the mortgage debt, which with interest amounted to $2995, and for such payment claimed credit in his account. The court below held that the payment of the mortgage debt by the executor was a proper one, allowed credit therefor in the account, and made distribution of the fund in the hands of the executor in accordance with that finding. The appellant contends that under the provisions of the 18th section of the Wills Act of 1917, section 18, P. L. 409, as applied to this will, the court should have held that the devisees of the first and second tracts of land should be held to have taken the same subject to the proportionate part of the mortgage debt charged upon the whole four tracts, according to the respective value of the several tracts, and thus is presented the question involved in this appeal.

Section 18 of the Wills Act reads as follows: ''Unless the testator shall otherwise direct by his will, the devisee of real estate which is subject to mortgage shall take subject thereto, and shall not be entitled to exoneration out of the other estate of the testator, real or personal; and this whether the mortgage was cre-

ated by the testator or by a previous owner or owners, and notwithstanding any general direction by the testator that his debts be paid.'' Does this will disclose that it was the testator's intention that the mortgage debt in question should be paid out of property other than the lands specifically devised to the appellees?

It is not essential that the will should contain an express provision that land specifically devised shall not be taken subject to the payment of a mortgage debt; it is sufficient if the will, taken as a whole, clearly implies that such debt is to be paid out of other property. The general direction, in the first paragraph of the will, that the debts and funeral expenses of the testator be paid, was not sufficient to take the case out of the operation of the statute; such direction amounts to nothing more than that the debts shall be paid in the manner provided by law. Very different, however, is the question which arises out of the provisions of that paragraph of the will relating to the disposition of the property not specifically devised. That paragraph directs that the two tracts of land not specifically devised, both of which were subject to the mortgage, be sold, the direction to sell is absolute, no discretion is vested in the executor, and the result was the conversion of those tracts into personalty. In immediate connection with the direction that those tracts be sold is the disposition of the proceeds of the sale; the balance ''after the payment of my debts'' is all that is to be distributed among the children share and share alike. This clearly implies that the debts were to be paid out of this particular fund. Where the testator directs his debts to be paid out of some particular fund or property, out of which, according to the rule established by the statute, they would not be primarily payable, he must be taken to signify an intention to exclude that rule. In this case there were four tracts of land comprised in the same mortgage, and the mort-

gagor specifically devised two of them, directing that the other two be sold and that the balance of the proceeds of the sale, after payment of his debts, be distributed among his children. This of itself was an expression of his intention that the two tracts which he directed to be sold should be primarily liable for the payment of the whole of the mortgage debt, in exoneration of the parts specifically devised. This was the conclusion reached in the English case of Brownson v. Lawrence, L. R. 6 Equity Cases 1, a case which arose under Locke King's Act, 17 and 18 Victoria c. 113, the provisions of which statute are not essentially different from our own Wills Act, so far as they have application to the question here presented. The English statute provides for an apportionment of the mortgage debt charged upon several tracts of land, "every part thereof according to its value," as between the different devisees of the several parts, but our Wills Act contains no such provision; yet it was held, in the case above cited, in an opinion by the Master of the Rolls, that notwithstanding this provision of the statute, land specifically devised was entitled to exoneration from the mortgage debt, which must be paid out of the residuary real estate.

The decree is affirmed and the appeal dismissed at cost of the appellant.