Dalton et al. *v.* Supplee.

Argued January 9, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. Raymond Young,* with him *J. Frederick Martin,* for appellants.—The lower court erred in not awarding the fund to the trustee in bankruptcy for distribution by the bankruptcy court.

The nature of the proceeding in the court of common pleas being a bill in equity for partition differentiates this case from other cases examined: Neill's App., 15 W. N. C. 136; Crawford v. Hoffecker, 5 Lackawanna L. News 379; Nuttall v. Power Co., 17 Pa. Dist. R. 1070; Contract Money Paid into Court, 62 Pitts. L. J. 116.

The lower court erred in refusing to allow the appellants the opportunity to test the validity of the judgments in question under the Bankruptcy Act before the master: Greenberger v. Schwartz, 261 Pa. 265; Bank v. Crawford, 17 Pa. Dist. R. 173; White v. Turner, 217 Pa. 25; Bank of N. America v. Motor Car Co., 235 Pa. 194, 201.

*Ernest Harvey,* of *Holding & Harvey,* for appellees.— The custody, control and possession of the fund raised by its own process entitles the court of common pleas to retain jurisdiction although bankruptcy has intervened: Biddle's App., 68 Pa. 13; Rohrer's App., 62 Pa. 498; Bardes v. Bank, 178 U. S. 524; Shallon v. New, 17 A. B. R. (N. S.) 630; Pickens v. Boy, 187 U. S. 177; Jones v. Springer, 226 U. S. 148.

The bankruptcy court has no jurisdiction to adjudicate a substantial adverse claim of this character to property not in its possession: Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426.

The trustee in bankruptcy is not entitled to the fund as against the appellee because he has failed to prove that the judgments held by the appellee, although entered on confession within four months of the filing of the petition in involuntary bankruptcy, were voidable preferences, or were liens dissolved by the adjudication,

or null and void by reason of any other provision of the Bankrupt Law: Keystone Brewing Co. v. Schermer, 241 Pa. 361; Liberty Nat. Bank v. Bear, 265 U. S. 365.

The fund must be distributed to the record lien holders, in order of priority, without regard to evidence dehors the record: Eckels v. Stuart, 212 Pa. 161; Hilliard v. Tustin, 172 Pa. 354; Reisinger v. Coal Co., 262 Pa. 530; Penna. Co. for Ins. on Lives, etc., v. Halpern, 273 Pa. 451; Exler v. Box Co., 226 Pa. 384.

OPINION BY MR. JUSTICE SCHAFFER, March 20, 1933:

The predicament in which appellants find themselves is due, it would seem, to the attitude they assumed before the master in partition and to the fact that the court in its final decree apparently went further than it was the intention and purpose of the master to go.

The questions presented have to do with a fund raised by a sale in partition conducted by the master Isabel W. Darlington, Esquire. Arlington W. Supplee was an owner of a one-half interest in the property sold. His share of the proceeds of sale is $29,233.55, which is in the hands of the master. The National Bank of Malvern, appellee, had entered judgments against him aggregating, with interest and costs, $29,464.35. If allowed, they will absorb the entire fund.

It was not the desire of any of the parties to interfere with the partition sale, but as soon as it was concluded and the master's deed was executed and delivered, bankruptcy proceedings were instituted against Supplee. He was adjudicated a bankrupt and a trustee was chosen. The trustee presented a petition to the court below praying for a rule to show cause why the fund representing Supplee's one-half interest in the property sold should not be paid over to the trustee for administration and distribution under the provisions of the Bankruptcy Act. This petition the court referred to the master, who reported that the trustee is not entitled to take the fund out of the state court, and that the latter tribunal is au-

thorized to retain it and make distribution thereof. In this connection the master said in her report: "It is possible that when the facts are fully presented questions may arise for adjudication under" certain provisions of the Bankruptcy Act. She recommended that the rule to show cause be dismissed.

On exceptions to this report filed by a creditor of Supplee, the court not only dismissed the exceptions but decreed that distribution should be made in accordance with an earlier report of the master, which awarded the entire fund to the appellee. From this decree appeals have been taken by the trustee in bankruptcy and by a general creditor of Supplee.

It is the contention of appellants that the judgments held by the appellee bank are voidable under the Bankruptcy Act because entered within four months of the adjudication and that they are entitled to have this question passed upon by the bankruptcy court. We agree with the conclusion of the learned master that this position cannot be sustained under the authorities which she ably sums up in her report. A state court having the right to enforce a lien has power to decree distribution, and the representative of the bankrupt must come into such court to claim his preference on the fund: Biddle's App., 68 Pa. 13. The general rule of law that the court first obtaining jurisdiction over the res retains it to the end prevails in the law of bankruptcy: Collier on Bankruptcy, 13th edition, page 799; Remington on Bankruptcy, volume 5, section 2042. A state court distributing a fund in its hands raised by it on its process, or in the possession of the res, is entitled to retain jurisdiction for the purpose of enforcing a lien, even though bankruptcy intervenes: Bardes v. Hawarden Bank, 178 U. S. 524; Pickens v. Roy, 187 U. S. 177, 180; Jones v. Springer, 226 U. S. 148. "In this case, the sheriff had, before the filing of the petition in bankruptcy, taken exclusive possession and control of the property; and he had retained such possession and control after

adjudication and the appointment of the trustees. The bankruptcy court, therefore, did not have actual possession of the res. The adverse claim of the judgment creditor was a substantial one. The bankruptcy court, therefore, did not have constructive possession of the res. Neither the judgment creditor, nor the sheriff, had become a party to the bankruptcy proceedings. There was no consent to the adjudication by the bankruptcy court of the adverse claim. The objection to the jurisdiction was seasonably made and was insisted upon throughout. The bankruptcy court, therefore, did not acquire jurisdiction over the controversy in summary proceedings. Nor did it otherwise": Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 438. The Bankruptcy Act gives the federal court concurrent and not exclusive jurisdiction: Wilkinsburg Boro. School Case, 234 Pa. 373, 375.

Appellee takes the position that the trustee in bankruptcy is not entitled to participate in the distribution because he has failed to prove that the judgments were voidable preferences; that, in addition to showing that they were entered within the four months' period, the burden was upon the trustee to show that the bankrupt was insolvent when the judgment was entered, citing Keystone Brewing Co. v. Schermer, 241 Pa. 361; Rudisill's Trustee v. Wildasin, 275 Pa. 255; Remington on Bankruptcy, sections 1328 and 1893; Collier on Bankruptcy, 13th edition, section 67, page 1585; Liberty Nat. Bank v. Bear, 265 U. S. 365. We think appellee's legal position is sound, but the record and what was said in the oral argument impress us with the view that the trustee has not had a full opportunity to meet the burden cast upon him by the decisions. To give him this opportunity we are constrained to set aside the decree of distribution and to direct a further hearing before the master.

The decree of distribution is set aside, with directions to the court below to refer the proceedings back to the master for further report. Costs to abide the result.