## Black's Estate

*William N. Trinkle, Frank F. Truscott, Harold C. Cohen,* and *Noar Klein,* for widow.

*William W. Smithers* and *Arthur E. Weill,* for son.

*Frederick H. Spotts,* for mortgage claimant.

*Conard & Middleton, George M. Miller, Jr.,* and *C. Wilfred Conard,* for merchandise creditor.

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

STEARNE, J., February 23, 1940.—This litigation revolves around a finding of an auditor (appointed at the request of all parties) that decedent's son accepted a bequest of a business, subject to the payment of decedent's debts—also, concerning the auditor's conclusions of law as to what debts of decedent are chargeable against the business. These disputes are between the son and decedent's widow.

The testamentary scheme is plain. The son is bequeathed the business, subject to the payment of all decedent's debts. The residue (except the relatively minor bequests not in question) passed to the widow absolutely.

That the son unequivocally elected to accept the testamentary gift of the business, subject to his payment of decedent's debts, is established by abundant, clear, and convincing evidence. We approve the auditor's finding without further discussion.

Decedent directed that "all of my debts, both personal and business, including funeral expenses be paid out of my business account." The next inquiry before the auditor was, what constituted decedent's debts?

*Mortgage on 3108 Midvale Avenue:* Decedent was obligor upon the bond accompanying a mortgage. The widow (as survivor of her husband, the decedent) under *title by entireties*, became the owner of the real estate. At the audit the mortgagee presented its claim on the bond and mortgage as a debt against the estate, which was allowed by the auditor. As the estate is *solvent* this was proper. The mortgagee was not required to foreclose the mortgage and present a deficiency judgment: United Security Trust Company Case, 321 Pa. 276; Alexander's Estate, 31 D. & C. 17. The will provides that all debts be paid out of the business. The widow maintains that the mortgage should be satisfied in order that such real estate be thereafter held by her clear of such mortgage indebtedness. The son, beneficiary of the business, contends that the mortgage when paid by the estate from the business assets should be assigned to him, upon the principle of subrogation. The learned auditor decided in favor of the widow, citing Kelly's Estate, 27 Dist. R. 349, 355.

Counsel for the widow, in support of the auditor, cites as additional authority Hill's Estate, 87 Pa. Superior Ct. 173.

In both Kelly's Estate, supra, and Hill's Estate, supra, the real estate *formed part of the estate of decedent*, and was a portion of the res passing under the terms of the will. Herein, in our opinion, lies the distinction. In the instant case the widow holds title by virtue of a *deed* and not under the terms of the *will*.

Had a stranger held title to the property, subject to an encumbrance created by decedent, payment of the claim by decedent's executor would not exonerate the owner from such indebtedness. The claim, under the principle of subrogation, would be assigned to the executor for the benefit of the estate: McKerrahan, to use, v. Crawford's Execs., 59 Pa. 390; Searight's Estate, 163 Pa. 222; Saffin's Estate, 12 Dist. R. 99, 100; Assigned Estate of Graff, Bennett & Co., 139 Pa. 69; 60 C. J. §§5, 7, 17, p. 697 et seq.

But the widow maintains that testator, being presumptively aware of the foregoing title situation, intended to discharge the debt for the benefit of the widow, because of his direction to pay his debts out of a specific fund; in short, that such testamentary direction was tantamount to an *implied gift* to the widow of the amount of such indebtedness. However, such argument, if sound, could be invoked in every case where debts of one primarily liable are directed to be paid out of a designated fund. It would appear, by logic and authority, where title to the property so encumbered does not form part of the estate, and does not pass under the terms of the will, the *relationship* of the owner of property has no effect upon the operation of the principle of subrogation.

It is propounded, why direct that debts be paid out of the business, and then subrogate the claim? One answer appears obvious. Should the encumbered real estate prove to be worth less than the encumbrance, the business and not the residuary estate would suffer the loss.

The distinction between assets belonging to an estate and those held as tenants by the entireties, under deed, as respects subrogation, and as herein indicated, is recognized in the court's opinion in Girard Trust Co., Trustee, v. Stopp, 28 D. & C. 564, 568.

Indeed, the auditor himself, in discussing the subsequent claim on the collateral bond of the Ocean City, New Jersey, property states, at page 32 of his report: "If the widow had been a specific devisee of the land, and the

mortgage had been decedent's own, the doctrine of exoneration would have applied."

We sustain the exceptions of the son to the foregoing ruling of the auditor, and direct that, upon the payment of the claim of the mortgagee out of the business assets, such bond and mortgage or judgment thereon be duly assigned, in subrogation, to the said D. Frank Black, Jr.

*New Jersey Mortgage:* Decedent and his wife (claimant) purchased real estate in New Jersey, upon which was secured a $5,000 mortgage. An agreement was executed by decedent and his wife with the mortgagees, whereby decedent and his wife assumed payment of the mortgage, and subsequently executed a collateral bond for $5,000 indemnifying the mortgagees against loss. Prior to the death decedent and his wife agreed to convey the property clear of the mortgage. After the death, the widow, as survivor of the tenancy by the entireties, deeded the property to the purchaser, and the mortgage (reduced to $4,000) was paid from the proceeds. The widow took an assignment of the collateral bond. Replying upon the equitable doctrine of contribution, the widow claims that one half of the mortgage paid off by her is a debt of her husband (decedent) chargeable to the business account.

We agree with the learned auditor that it was clearly established that, under the law of the State of New Jersey, the liability of decedent upon his collateral bond was purely *contingent*. As no deficiency arose, and no liability upon the bond occurred, no debt of decedent existed at the time of his death, or thereafter. The ruling of the auditor rejecting the claim of the widow is affirmed.

*Building and Loan Association Notes:* Decedent borrowed money from two building and loan associations, and in each instance gave his collateral note, assigning as collateral certain shares of stock therein. Each note specifically provided that "all moneys . . . paid . . . shall be considered as made in liquidation of this loan". After the death, upon notice of withdrawals, the associations paid to the executors the withdrawal value of the

stock, less the indebtedness. The widow claims, as a specific legatee of the said stock, that the loans made by the associations to decedent be considered as debts of decedent and deductible from the business account.

Had the form of decedent's obligations been merely that of collateral notes, with his shares of stock hypothecated as collateral security, the contention of the widow would have been sound. However, the notes in question read that all payments shall be considered as in *"liquidation"* of the loan. The principle is the same as if decedent had periodically made payments on collateral notes at a bank. Upon the death, in such event, the debt would have been regarded as having been reduced by such payments in liquidation of the loan. In the instant case, the liquidations fully paid off any indebtedness, and all that the widow is entitled to is the difference in the withdrawal value. For the reasons, and under the authority cited by the auditor, his dismissal of the widow's claim is affirmed.

*Insurance Company Advance:* Decedent secured an "advance" from a life insurance company, and assigned his life insurance policy as security. The assignment specifically provided that "advance and interest" should be deducted from the proceeds of the policy at his death. Clearly, the "advance" was not a loan from the company and could not have been recovered by the company from decedent. For the reason and under the authority cited, the auditor's conclusion of law in dismissing the widow's claim is affirmed.

*Claim of J. B. Van Sciver:* We agree, for the reasons assigned by the auditor, that this was a proper claim against decedent, and as such is properly chargeable against the business account. The action of the auditor in allowing this claim is approved.

The exception of D. Frank Black, Jr., no. 5, is sustained. All other exceptions by both D. Frank Black, Jr., and Miriam P. Black are dismissed. The adjudication, so modified, is confirmed absolutely.