## Alterman v. Bloch et al.

*Mayer, Magaziner & Brunswick*, for plaintiff.
*H. Steerman*, for defendants.

SLOANE, J., December 11, 1946.—This motion is to strike off new matter and a counterclaim contained in an affidavit of defense to a scire facias sur mechanic's lien.

Plaintiff, contractor and claimant, filed a mechanic's lien claim for $900, asserted to be the balance due him

for work done and materials furnished in the alteration and repair of defendants' property, 2207 North Thirty-third Street, Philadelphia. Thereafter, being ruled to do so by defendants (Mechanic's Lien Act of June 4, 1901, P. L. 431, sec. 31, 49 PS §136), plaintiff caused to be issued a writ of scire facias, to which defendants filed an affidavit of defense containing the new matter and counterclaim complained of.

Defendants admit the making, and the faulty doing, of the contracts averred by plaintiff, but deny that a balance of $900 is due for reasons set forth under the heading "New Matter and Counterclaim". Defendants deny that the work was performed in accordance with the terms of the contract (listing the particulars in which it was allegedly improper), and they allege an abandonment of the work by plaintiff. Going further, defendants aver that they had to have the work completed by another contractor at a cost to them of $675 more than the price agreed upon with plaintiff, thus the counterclaim against plaintiff for $675.

Both sides are easily reconciled to the proposition that no personal judgment can be obtained in this action, sounding as it plainly does, in rem. See Sterling Bronze Co. v. Syria Improvement Assn., 226 Pa. 475, 477 (1910). That being so, the counterclaim for $675 must be stricken. See 2 Cushman, The Law of Mechanics' Liens in Pennsylvania 1119. Deductions from plaintiff's demand, to defeat it in part or in whole, may well be allowed if properly established; see Act of June 4, 1901, P. L. 431, sec. 36, 49 PS §157; Blaebaum v. Julius, 38 York 149 (1924), but no personal judgment in favor of defendant against plaintiff may be obtained. See Millsboro Lumber Co. v. Bell, 23 Wash. Co. 98 (1943).

The new matter—the defense to plaintiff's claim—should not be stricken, and a replication thereto should be filed. See Act of May 22, 1933, P. L. 845, sec. 4,

49 PS §165, supplement; Act of June 4, 1901, P. L. 431, sec. 52, 49 PS §245. See also Speller Co., Inc., v. Bryn Mawr A. M. E. Church, 39 Montg. 203 (1923).

## Order

And now, December 11, 1946, it is ordered: (*a*) defendants' counterclaim for $675 is hereby stricken; (*b*) the motion to strike the new matter contained in the affidavit of defense is dismissed; plaintiff shall file a replication thereto within 15 days hereof.