## Dennison et al., etc., v. Dietrich, etc.

*Leonard G. Schumack, Esq.*, for plaintiffs.

*Wm. J. Krencewicz*, for defendant.

STAUDENMEIER, J., November 8, 1954.—This matter has been before this court on several occasions. It rose

by plaintiffs filing a writ of scire facias sur mechanic's lien on March 2, 1953, to recover the sum of $683.70, for work done and materials furnished to a certain dwelling house located in West Mahanoy Township, Schuylkill County, Pa., owned by defendant.

On March 2, 1953, defendant filed a petition for rule to show cause why the writ of scire facias sur mechanic's lien should not be quashed.

On March 9, 1953, the court by Dalton, J., made an order discharging the rule to show cause granted on March 2, 1953, for the reason that the rule was obtained on a petition that was at variance with the facts, and defendant was allowed 20 days to file an answer on the merits.

On March 24, 1953, defendant filed an affidavit of defense and answer wherein she set up a counterclaim and new matter.

On April 13, 1953, plaintiffs filed a rule for judgment for want of sufficient affidavit of defense, averring, inter alia, that the Mechanics' Lien Act of 1901, P. L. 431, does not permit pleading a counterclaim and new matter in the affidavit of defense.

On April 24, 1953, defendant filed her answer asking that the rule for judgment for want of a sufficient affidavit of defense be discharged.

The matter was placed on the October 1953 argument list, and on September 14, 1953, the court by Palmer, P. J., entered a decree pro forma in favor of plaintiffs, and against defendant, ordering that judgment for want of a sufficient affidavit of defense be entered, for the reason that defendant failed to file a reply brief within the time limit as provided by Rules of Practice No. 17, of the Court of Common Pleas of Schuylkill County.

On September 21, 1953, defendant filed a petition for rule to show cause why the decree pro forma should not be stricken off or opened.

On September 28, 1953, plaintiffs filed an answer to the above petition and rule to show cause why the decree pro forma should not be striken.

On April 12, 1954, the court in an opinion by Dalton, J., made the rule absolute, and decreed that same be vacated and stricken from the record, since plaintiffs, in their answer to defendant's petition to strike or open, admitted that defendant did file a reply brief on September 11, 1953, which was within the permissible time.

On August 23, 1954, defendant filed a rule for judgment for want of a reply to defendant's counterclaim and new matter.

On September 8, 1954, plaintiff filed a motion to strike off the rule for judgment for want of a reply to defendant's counterclaim and new matter.

The sole question for determination is whether defendant has the right to incorporate in her affidavit of defense or answer a counterclaim and new matter.

A mechanic's lien is a statutory procedure, the action in rem being in the nature of collateral security for the payment of the debt due for work done or materials furnished and, if the statutory procedure is not complied with, the lien is wholly lost. It is governed by the Mechanics' Lien Act of June 4, 1901, P. L. 431, as amended. The act is supplemented by the Act of May 22, 1933, P. L. 845. The appellate courts have uniformly held that the statutory provisions pertaining to mechanics' liens must be strictly complied with.

Section 36 of the Act of June 4, 1901, P. L. 431, provides as follows:

"Section 36. In addition to the defences growing out of the insufficiency of the claim itself, or of the proof of the facts necessary to sustain it as a claim against the structure or other improvement, any defense which would defeat the action were it a personal one against the contractor to recover for the particular work or

materials required to be done or furnished under the contract of the owner, or which shows that the claim was intentionally filed for a grossly excessive amount, shall wholly defeat the claim; and proof that the work in certain particulars was not in accordance with that contract shall defeat it pro tanto. Minor defects, or a failure to complete in minor particulars, shall operate as a defense only to the extent necessary to repair or complete the work. For the purpose of enabling a proper defense to be made, the court may order a more specific statement of the claim, or an examination of the books and papers referred to therein, and may strike off the claim for a failure to comply with the order, as in other cases."

Section 4 of the Act of May 22, 1933, provides:

"Section 4. The affidavit of defense shall answer specifically each allegation of fact in the affidavit filed with such praecipe and in the mechanics lien; and the defendant may, by notice to plaintiff, require plaintiff to file a replication to such affidavit of defense within fifteen days from service of such notice."

Nowhere in the Acts of 1901 and 1933 is there to be found any provision authorizing the filing of a counterclaim.

In defendant's affidavit of defense she denies the averments contained in the writ relating to the amount due plaintiffs and on the contrary claims that there is justly due and owing to her by plaintiffs the sum of $1,200 as damages for the reason that the work as performed by plaintiffs was done in a defective, unworkmanlike, unskillful and negligent manner, which resulted in a depreciation loss and damages to defendant's building in the amount of $1,200, and for further answer defendant incorporated by reference the averments contained under the heading, Counterclaim and New Matter.

Defendant in the counterclaim and new matter specifically avers that plaintiffs installed a window in a defective, unworkmanlike, unskillful and negligent manner requiring defendant to replace and repair the window and for this item of damage defendant claims that the cost of repairs would be $200; defendant further avers that plaintiffs in installing the window in the kitchen improperly cut and damaged surrounding shingles and plaster board, and in repairing the damage done, defendant will be required to expend the sum of $200; that the shingles on the outer portion of the building at the rear of the house were damaged and defaced by plaintiffs, and as a result thereof plaintiffs attempted to conceal this damage by installing other shingles which now make the rear of the home shabby and unsightly, which resulted in the damage of $200; that plaintiffs replaced a kitchen window frame together with recessing a kitchen radiator, and that the work was done in an unskillful, unworkmanlike and negligent manner, and as a result thereof defendant seeks damages in the sum of $75; plaintiffs in installing an Anderson window installed the same in a negligent and unworkmanlike manner causing damage to defendant in the sum of $500; plaintiffs in installing an archway between the parlor and the dining room did it in an unworkmanlike and defective manner causing damage to defendant in the sum of $425; that by reason of the imperfections, defects, unsightliness and damages occasioned by plaintiffs to defendant's home, claim is made by defendant for the sum of $1,200.

The filing of an affidavit of defense wherein a counterclaim and new matter are set up by defendant, by virtue of which defendant seeks to recover an affirmative verdict against plaintiffs, was clearly improper: Fisher v. Croft et ux., 69 D. & C. 532, 534.

The Mechanics' Lien Act of June 4, 1901, P. L. 431, gives no right in personam, sounding as it plainly does,

in rem: Sterling Bronze Company v. Syria Improvement Association 226 Pa. 475, 477. That being so, the counterclaim as such for $1,200 must be stricken. See 2 Cushman, The Law of Mechanics' Liens in Pennsylvania 1119. Under section 36 of the Act of 1901, P. L. 431, 49 PS §157, supra, deductions from plaintiffs' claim to defeat it in part or in whole, may well be allowed if properly established: Alterman v. Bloch et al. 57 D. & C. 429-30. Therefore, the averments contained in the new matter, insofar as they relate to items properly set off against plaintiffs' claim, remain as a part of the affidavit of defense, having been incorporated by reference: Greenberg v. Koegler, 59 D. & C. 31, 34; Speller Co., Inc., v. Bryn Mawr A. M. E. Church, 39 Montg. 203. See 12 Standard Pa. Practice, 50, §67. Such setoff is, of course, limited in amount to plaintiff's demand.

The Supreme Court in Heistand v. Keath, 229 Pa. 149, 154, declared that:

"The defenses to the scire facias, available to the owner, are ample to enable him to raise any question which will affect or destroy the validity of the lien or defeat the claimant's right in whole or in part to enforce the claim against the property."

The new matter—the defense to plaintiff's claim—should not be stricken, and a replication thereto should be filed. See Act of May 22, 1933, P. L. 845, sec. 49 PS §165, supplement; Act of June 4, 1901, P. L. 431, sec. 52, 49 PS §245.

### Order

And now, November 8, 1954, it is ordered:

(a) Defendant's counterclaim, as such, is hereby stricken;

(b) The new matter contained in the counterclaim shall be considered as part of the affidavit of defense; plaintiffs may file a replication thereto within 15 days hereof.