JAMES M. BIGELOW, executor, *vs.* NANCY M. PIERCE, administratrix, & others.

Worcester. March 6, 1901. — June 18, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Devise and Legacy*, Construction.

A will contained this provision: "I do hereby give and bequeath to my legal heirs all my estate of every description with the exclusion of my brother L.'s heirs, and it is my will that they shall have no part or parcel of my estate; also that part that would legally belong to my brother S. I do hereby order to be held in trust by my said executor and the income to be paid by my said trustee to the said S. yearly, and when in the opinion of my said trustee that the said S. or any of his family need it for their necessary support then my said trustee is at liberty to pay over the whole or any part of the principal as he may deem best." At the time of the testator's death he held three notes against S. the earliest of them dated after the execution of the will. There was nothing to show that when the will was executed S. was indebted to the testator or that it was expected that he would be. *Held,* that, in ascertaining the "part that would legally belong" to S., the word "legally" should not be interpreted in its strict and technical sense, and that the indebtedness of S. to the testator should not be deducted.

PETITION by the executor under the will of Nancy Pierce, late of Grafton, to have the amount of indebtedness of Silas A. Pierce, a legatee under the will, to the testatrix determined and deducted in ascertaining the part to which the said Silas legally would be entitled under the will, filed in the Probate Court for the county of Worcester October 12, 1898.

In the Probate Court, *Forbes*, J. made a decree dismissing the petition, and the petitioner appealed. The case came on to be heard before *Morton*, J., who reserved it upon the pleadings and agreed facts for the consideration and determination of the full court, such decree to be entered as should seem meet.

By the agreed facts, it appeared, that Nancy Pierce, of Graf-

ton, died on the fifth day of May, 1894, leaving as her heirs at law and next of kin, Charles A. Pierce, a brother, Silas A. Pierce, a brother, George B. Pierce and James W. Bigelow, nephews, Sarah Pierce, Adaline L. Green, Harriet A. Mann and Mary W. Sawyer, nieces, Carrie Baker and Mary E. Bigelow, grandnieces, and Charles F. Bigelow and Frank A. Bigelow, grandnephews. Her will, executed on October 4, 1878, was allowed by the Probate Court for the county of Worcester on May 24, 1895, and the executor therein named, James W. Bigelow, qualified by giving bond which was approved on May 26, 1896. The inventory filed by the executor showed personal estate amounting to $931.42, and real estate amounting to $2,300.

The clause of the will on which the petition was founded, and all other material facts, are fully stated in the opinion of the court.

*G. M. Woodward,* for the petitioner.

*R. Hoar,* for Nancy M. Pierce, administratrix.

*E. H. Vaughan,* for other respondents in interest.

MORTON, J. This is an appeal from a decree of the Probate Court dismissing a petition by the appellant as executor of the will of Nancy Pierce to have the amount of the indebtedness of Silas A. Pierce, a legatee under the will of said Nancy, to the estate of said Nancy determined, and to have the same deducted in ascertaining the part to which said Silas would be legally entitled under the will of said Nancy. The case was reserved for the full court on the pleadings and agreed facts, " such decree to be entered as shall seem meet."

The clause in the will under which the question in the case arises is as follows : " First after paying my just debts I do hereby give and bequeath to my legal heirs all my estate of every description with the exclusion of my brother Lewis Pierce's heirs, and it is my will that they shall have no part or parcel of my estate ; also that part that would legally belong to my brother Silas A. Pierce I do hereby order to be held in trust by my said executor and the income to be paid by my said trustee to the said Silas A. Pierce yearly, and when in the opinion of my said trustee that the said Silas A. or any of his family need it for their necessary support then my said trustee is at liberty to pay

over the whole or any part of the principal as he may deem best."

The will was executed October 4, 1878, and was allowed May 24, 1895. At the time of her death the testatrix held three notes against Silas amounting on December 3, 1898, with interest to $792.39. The earliest of these was dated December 21, 1878. It does not appear that Silas was indebted to the testatrix when the will was executed. Silas died intestate September 21, 1899, and Nancy M. Pierce was appointed administratrix. He was about eighty years of age and feeble physically and mentally. His family consisted of a wife and two children, one self supporting and the other an inmate of a lunatic asylum. His wife contributed to the support of the family.

The question is one of construction and is whether the amount due the estate of Nancy from Silas is to be deducted in ascertaining " that part that would legally belong " to him under the will, and the answer depends on what was the intention of the testatrix. The appellant contends that what would legally belong to Silas would be what would remain after his indebtedness to the estate was deducted from what would otherwise come to him. That is, no doubt, a possible construction. But we think that the more natural and reasonable construction is that the testatrix intended what would belong to Silas in the division of the estate, excluding the heirs of Lewis. The part thus coming to him would legally belong to him, and there is nothing to show that when the will was executed, Silas was indebted to her, or that it was expected that he would be. To interpret the word " legally " therefore in the strict and technical sense for which the appellant contends would be unwarranted by anything in the relations of the parties when the will was executed. Moreover such a construction might and probably would defeat the trust which the testatrix was at pains to establish for the benefit of Silas and his family. It seems to us that the construction which we have adopted is the more reasonable one. Pub. Sts. c. 136, §§ 22, 23, do not apply because according to the construction which we have given to the will it was the intention of the testatrix that the indebtedness should not be deducted.

We think that the decree of the Probate Court should be affirmed.                                   *So ordered.*