MARY J. COONEY *vs.* VALMORE A. WHITAKER, administrator with the will annexed.

Berkshire.     September 11, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Devise and Legacy.     Marshalling of Assets.*

A testator after making a specific devise of certain real estate to two of his children devised all the remainder of his real estate to three other of his children "to be divided equally between them in three equal shares." On a petition to marshal the assets of the testator's estate, it was *held,* that the last named devise was general and not specific, and that the real estate covered by it must be applied to the payment of debts before resorting to the real estate specifically devised.

APPEAL from a decree of the Probate Court for the county of Berkshire, marshalling the assets of the estate of Jeremiah Broderick, deceased testate, for the payment of the debts of his estate.

The will of Jeremiah Broderick was dated May 14, 1897, and, omitting the introductory and the attesting clauses and the signatures, was as follows:

"After the payment of my just debts and funeral charges, I bequeath and devise as follows:

"1st. To my son Robert William Broderick and my daughter Mary Cooney, wife of Patrick Cooney, all my personal property of every name and nature in equal shares, share and share alike, as well as equal shares in my Home Lot, where I now live, my dwelling house, barns and land situated on the south side of East Main Street, in said North Adams, and is bounded on the north by said East Main Street, on the east by East Union Street, and lands of Flaherty, Hatton and Davis, on the south by lands of Davis and on the west by lands of Roach, and is said to contain nine acres of land be the same more or less.

"And in case my said son Robert William Broderick dies before he comes of age, his one-half part is to be the property of my said daughter Mary Cooney, and if my said daughter Mary Cooney should die before my said son Robert William Broderick becomes of age, then he the said Robert William Broderick is to have my said daughter Mary Cooney's share as

well as his own, and it is my will that neither my said son Robert William Broderick nor my said daughter Mary Cooney, shall sell or mortgage any portion of the above described real estate, during their lives without the consent of the other party, both if alive must be satisfied to sell or mortgage.

"2d. To my son Jeremiah M. Broderick, the east corner building lot, east of my son James Broderick's land.

"3d. To my three sons Jeremiah M. Broderick, James Broderick and P. H. Broderick, all the remainder of my real estate, to be divided equally between them, in three equal shares.

"4th. I give to my daughter Margaret Sheehan, the sum of Five Dollars, as I have provided for her already.

"5th. I nominate and appoint Edward C. Kiely to be the executor of this my last will."

In the Probate Court *Slocum*, J. made a decree that the property and assets of the estate be marshalled and used for the payment of debts in the following order:

1. All personal estate of the deceased, not specifically devised, to be first used and exhausted.

2. The real estate of the deceased devised under the third clause of his will, the same being a residuary clause, to be next exhausted.

3. All the remaining devises, being specific, must contribute to the payments in the proportion that the cash value of each bears to the amount to be paid.

On appeal the case was heard by *Morton*, J., who found the following facts:

Jeremiah Broderick lived in North Adams for about thirty years and down to the time of his death lived on a certain place which he called his "Home Place," and which is described in his will as the "Home Lot." He lived with the petitioner, who was his oldest daughter and was married. At the time of the testator's death, the family, besides the petitioner and her father, consisted of the petitioner's husband, her two young children, and her youngest brother, named Robert, who was a boy sixteen years of age. The testator had three older sons who were grown men, having families of their own, and lived elsewhere in North Adams, and one other daughter, a married woman, who also lived in North Adams.

The testator died on October 7, 1897, and his will was proved and allowed. His wife had died before him. The executor named in the will declined to serve, and Valmore A. Whitaker of North Adams was appointed administrator with the will annexed.

After the death of her father the petitioner paid the expenses of his last sickness, his burial expenses, expenses in connection with the burial lot and other debts of the deceased. The administrator refused to repay her, and she brought an action against the estate in the Superior Court. The case was referred to an auditor who reported that there was due to her the sum of $950. The case in the Superior Court is still pending, awaiting funds in the hands of the administrator with which to pay the amount found due. The administrator, representing that he had not sufficient personal estate in his hands with which to satisfy the petitioner's claim, petitioned the Probate Court for leave to sell " Home Place " to raise such funds.

The petitioner then filed the present petition to marshal the assets, and action on the petition to sell real estate was stayed by injunction until it should be determined by the decision in the present proceeding what estate should be applied to make such payment.

So far as appeared the testator had sold and disposed of none of his real estate between the time that he made his will and the date of his death, and had bought none.

The petitioner contended that the devise to her and her brother Robert under the first clause of the will was specific; that the devise under the third clause of the will was general and residuary; that the real estate devised under the third clause must be exhausted before any portion of the real estate devised under the first clause of the will could be taken for the payment of the debts of the testator; and that the decree of the Probate Court should be affirmed.

The respondent contended that all the devises in the will were specific, and that all should contribute in proportion to their fair market value to the payment of the debts of the estate.

With the consent of the parties the justice reported the case for determination by the full court, such decree to be entered as law and justice might require.

*H. C. Joyner*, for the petitioner.

*C. J. Parkhurst*, for the respondent.

KNOWLTON, C. J. The questions of law presented on this record are very simple. No doubt is suggested as to the jurisdiction of the court to entertain a petition of this kind and make a decree which shall marshal the assets for the proper settlement of the estate. R. L. c. 162, §§ 2, 3, 5. *Lee, appellant,* 18 Pick. 285, 289.

There is no dispute that the devise of real estate to the petitioner and her brother, in the first clause of the will, is specific. It is equally clear and undisputed that specific devises and legacies are not to be taken for the payment of a testator's debts until the general legacies and devises are exhausted. R. L. c. 135, §§ 26, 27. *Blaney* v. *Blaney*, 1 Cush. 107, 115. *Farnum* v. *Bascom*, 122 Mass. 282, 286. The only contention of the appellants as a ground for reversing the decree of the Probate Court is that the devise of real estate to them, in the third clause of the will, is also specific. The language of this clause is as follows : " To my three sons, Jeremiah M. Broderick, James Broderick and P. H. Broderick, all the remainder of my real estate, to be divided equally between them, in three equal shares."

The English rule that all devises of real estate are to be regarded as specific is not in force in this State. *Blaney* v. *Blaney*, 1 Cush. 107, 116. *Farnum* v. *Bascom*, 122 Mass. 282, 286. Under the R. L. c. 135, § 23, land acquired by a testator after the making of his will may pass by the will, as well as that owned by him at the time of making it. The devise in question in this case included all the real estate that the testator might own at the time of his death, except that specifically devised in the preceding clauses of the will. The clause contains no reference to any particular land. We think it plain that the devise is general, and not specific.

It follows that the land covered by it is to be applied to the payment of debts before resort is had to the real estate specifically devised, and that the decree of the Probate Court should be affirmed.

*Decree accordingly.*