ALBERT F. HAYWARD & another, executors, *vs.* CORINNE L. HAYWARD & others.

Plymouth.    March 13, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy.    Executor and Administrator.*

A testatrix, who at the time of her death was sixty-eight years of age and never had been married, owned but one piece of real estate, upon which were two tenement houses so built that a line which would divide the land through the middle from front to rear would lie wholly between the houses. This real estate was subject to a mortgage which, together with the other debts of testatrix, her personal property was insufficient to pay. The will bequeathed to two nephews $100 each, to a niece C. a diamond ring, to a niece E. a gold watch and chain, to two brothers all money which she had after the legacies were paid and to one of such two brothers " all the rest and residue of my personal property of every description." She devised to her niece C. " one undivided half of all the real estate of which I am now or of which I may hereafter die seised or possessed or be in any manner entitled at the time of my decease," and devised " the rest residue and remainder of my real estate of which I am now, or of which I may hereafter die seised or possessed, or be in any manner entitled at the time of my decease " to trustees for the benefit of her niece E. *Held,* that the will exhibited no intention on the part of the testatrix to make the devise to C. subject to the mortgage, and that therefore it should not be so subjected until after the personal property and the other half of the real estate, which had been devised in trust for E. by the residuary clause, had been exhausted.

BILL IN EQUITY, filed in the Probate Court for the county of Plymouth on April 23, 1907, by the executors of the will of Hannah Corinna Hayward, late of Brockton, seeking instructions as stated in the opinion.

After a hearing before *Chamberlain,* J., in the Probate Court, a decree was entered that the real estate devised to the defendant Corinne Louise Hayward was not exonerated from contributing to the payment of a mortgage upon it and that which was devised in trust for Edith Howland Hayward.

On appeal, the case was heard before *Loring,* J., who reversed the decree of the Probate Court and directed the executors to apply to the payment of the mortgage debt, first, the residue of the personal property, and, second, the land devised in trust for Edith Howland Hayward; and the latter appealed.

The case was submitted on briefs.

*W. Goddard,* for the plaintiffs, and for Edith Howland Hayward and Henry W. Flagg, trustee, defendants.

*H. F. Parker,* for the defendant Corinne Louise Hayward.

MORTON, J.   This is a bill in equity by the executors for instructions concerning the construction of the will of one Hannah Corinna Hayward.  It comes here on appeal from the decree entered by the single justice reversing, on appeal, the decree of the Probate Court.  The evidence before the single justice was taken by a commissioner and is all before us.  By her will the testatrix, after directing the payment of her just debts and funeral charges, and constituting and appointing her brothers Albert Francis Hayward and John Parker Hayward executors and her brother John Parker Hayward trustee, with provision for the appointment of a successor in case of the death of either, gave to her two nephews $100 each, to her niece Corinne Louise Hayward, daughter of Albert F., her diamond ring, to her niece Edith Howland Hayward, daughter of John Parker, her gold watch and chain, to her brothers in equal shares all money which she had on deposit or otherwise at the time of her decease after payment of the preceding legacies, and to her brother Albert Francis " all the rest and residue of my personal property of every description."   Then come the devises which give rise·to the questions before us :

" I give and devise to said Corinne Louise Hayward one undivided half of all the real estate, of which I am now, or of which I may hereafter die seised or possessed or, be in any manner entitled at the time of my decease.

" I give and devise all the rest residue and remainder of my real estate of which I am now, or of which I may hereafter die seised or possessed or be in any manner entitled at the time of my decease, to said John Parker Hayward, and upon his death as before provided, to Harry W. Flagg, in trust, . . . to pay over the net income thereof for the benefit of said Edith Howland Hayward, for during her natural life, and upon her death leaving issue, then said trust estate shall be paid over to such issue discharged of all trusts."   Provisions follow as to what shall be done with the trust estate in case of the death of Edith Howland Hayward without issue, and relating to its management, which are not, we think, material.  It appeared that the testatrix

was at the time of her death sixty-eight years old and had never been married ; that she owned a parcel of land on Green Street in Brockton having a frontage of about ninety-two feet; and that on this lot were two two-tenement houses each fronting on the street, and that a line drawn through the middle of the lot from front to rear would lie entirely in the space between the two houses. This was all the real estate which the testatrix had at her decease, and the evidence tended to show that it was the only real estate which she had ever owned. It was subject to a mortgage of $5,000 at the date of the will and at the death of the testatrix. It was agreed at the hearing before the single justice that the personal property was insufficient to pay the debts including the mortgage.

The two questions on which the executors prayed to be instructed were:

" 1. Is the devise to said Corinne Louise Hayward a general or specific devise ?

" 2. Should said devise be exonerated from the said mortgage ? "

We do not find it necessary to consider whether the devise to Corinne Louise Hayward was specific or general. If it is to be regarded as a specific devise, it is plain that it is to be exonerated from the mortgage. *Johnson* v. *Goss*, 128 Mass. 433. *Richardson* v. *Hall*, 124 Mass. 228. *Brown* v. *Baron*, 162 Mass. 56. And in view of the residuary clause we think that the same result must follow if the devise to Corinne is to be regarded as a general devise. " This exemption results," to quote the language of Metcalf, J., in *Blaney* v. *Blaney*, 1 Cush. 107, " from the nature and effect of a disposition of property by a residuary devise or bequest. Nothing is given by such a devise or bequest, except on a contingency that something shall remain after all paramount claims on the testator's estate are satisfied." Amongst the paramount claims which are enumerated are those " of other legatees and devisees." See also *Hays* v. *Jackson*, 6 Mass. 148, 154; *Firth* v. *Denny*, 2 Allen, 468 ; *Wilcox* v. *Wilcox*, 13 Allen, 252, 256 ; *Bowen* v. *Hoxie*, 137 Mass. 527.

We are unable to construe the will as exhibiting any intention on the part of the testatrix to make the devise to Corinne subject to the mortgage, or to limit the scope and effect of the

residuary clause.  It is manifest, we think, from the will that the testatrix did not intend perfect equality between her two nieces.  She gives to Corinne an undivided half of all her real estate, and to Edith all the rest and residue of her real estate.  If Corinne had died during the lifetime of the testatrix, Edith would have taken the share devised to Corinne, but Corinne would not have taken the share devised to Edith in case of the latter's death before that of the testatrix.  That this difference in the forms of the devises to the two nieces was not unintentional but was of set purpose is shown, we think, by the gift to her brothers of the residue of the personal estate.  She first bequeaths to them in equal shares all money which she may have at her decease on deposit or otherwise after payment of the preceding legacies, and then gives to her brother Albert all the rest and remainder of the personal property of every description, thus distinguishing plainly between the two brothers, and showing her understanding of the effect of a residuary clause.  And we cannot avoid the inference that she differentiated between the two nieces with a like purpose and that in making the devise to Edith she had in mind not so much the gift of half of her real estate as the gift of the rest and residue of the real estate whatever it might be.  It may be that the testatrix thought that each niece would be obliged to pay one half of the mortgage, or it may be that she did not think of the matter at all.  But we must take the will as we find it.  We see nothing in the creation of a trust in favor of Edith, or in the other provisions of the will, or in the circumstances or situation of the testatrix and of her nieces to control the effect of the residuary devise.

The result is that the decree of the single justice must be affirmed.

*So ordered.*