THE FIRST NATIONAL BANK OF BOSTON & others, executors,
*vs.* IDA S. CHARLTON & others.

Bristol.    May 17, 1932. — November 15, 1932.

Present: RUGG, C.J., CROSBY, WAIT, FIELD, & DONAHUE, JJ.

*Devise and Legacy,* General or specific.

A testator, at a time when he owned over fifty-eight thousand shares of
stock of a certain corporation, made a deposit of ten thousand shares
thereof and a provision in his will, executed shortly thereafter, with
respect thereto, in a way which showed clearly that he knew of and
appreciated the difference between a specific and a general legacy. At
all times between the date of the will and the day of his death he held
many more than twenty thousand shares, and at his death he owned
over two hundred twelve thousand shares. By his will he devised three
parcels of real estate "and . . . also" twenty thousand shares of
stock of that corporation to trustees for the benefit of his wife, chil-
dren and descendants and stated: "It is my desire that the Trustees
shall keep said . . . stock intact unless in their unanimous opinion
it seems advisable to invest it in other securities, and it shall not be
a reason for said sale and reinvestment that said stock has consider-
ably enhanced in market value." After he made his will and before
his death, there were stock dividends declared on the stock and its
par value was reduced. Upon an appeal from a decree of a probate
court upon a petition by the executor for instructions, it was *held,* that
    (1) The legacy of the twenty thousand shares to the trust was a
general legacy;
    (2) The trustees were entitled to receive only twenty thousand of
the shares;
    (3) It was unnecessary to consider the effect of the stock dividend
or of the reduction of the par value of the stock in the testator's
lifetime.

PETITION, filed in the Probate Court for the county of
Bristol on April 21, 1931, and afterwards amended, by the
executors of the will of Earle P. Charlton, late of Fall
River, for instructions as to the eighth clause of the will,
(1) as to whether the devisees under said clause were en-
titled to twenty thousand shares of the stock of F. W.
Woolworth Co.; (2) as to whether the devisees under said
clause were entitled to fifty thousand shares of the stock

of F. W. Woolworth Co.; and (3) as to whether the devisees under said clause were entitled to seventy-five thousand shares of the stock of F. W. Woolworth Co.

In the Probate Court, a guardian *ad litem* was appointed to represent certain minors and persons unborn or unascertained who might become interested.

The case then was heard by *Hitch*, J., upon an agreed statement of facts. Material facts are stated in the opinion. By order of the judge a final decree was entered stating that the gift of twenty thousand shares of the stock of F. W. Woolworth Co. in said eighth clause of the will was a specific legacy; and that therefore the trustees were entitled to the fifty thousand shares into which their twenty thousand shares were changed by the reduction of the par value of the stock from $25 per share, as it was when the will was made, to $10 per share in the lifetime of the testator and the issuance of fifty thousand shares in place of the twenty thousand named in the will.

Ida S. Charlton and others, and trustees under the tenth clause of the will appealed.

*J. E. Carroll*, stated the case.

*F. D. Putnam*, (*W. C. Jaycox* with him,) for Ida S. Charlton and others.

*A. W. Milliken*, for guardian *ad litem*, & *R. Gray*, for The First National Bank of Boston and others, trustees, submitted a brief.

WAIT, J. The executors of the will of Earle P. Charlton filed this petition for instructions whether devisees under the eighth clause of that will are entitled to twenty thousand, thirty thousand or seventy-five thousand shares of the stock of the F. W. Woolworth Co. The petition shows that at the date of the execution of the will, Charlton owned fifty-eight thousand five hundred ninety-two shares in that company, then of a par value of $25. In 1926 the company declared a stock dividend of fifty per cent, by virtue of which he received twenty-nine thousand five hundred shares. In 1929 the company reduced the par value of the stock to $10 per share, and voted to issue to stockholders two and one half shares of the $10 for each

share of the $25 par stock. Under this he became entitled
to and received two hundred twenty thousand one hundred
forty-five shares of $10 par stock. From time to time he
purchased and transferred shares of the stock; but at all
times between the date of the will and the day of his death
he held greatly more than twenty thousand shares. At
his death he owned two hundred twelve thousand one hun-
dred thirty-five shares. Shortly before the execution of
the will he placed certificates for ten thousand shares with
The First National Bank of Boston to be held separate
and subject to his order. These ten thousand shares were
dealt with in the seventh clause of the will. The executors
have been instructed with regard to them in a decision
made this day in *First National Bank of Boston* v. *Union
Hospital of Fall River, ante,* 64.

By the eighth clause of the will, the testator devised three
parcels of real estate "and in addition to these three parcels
and buildings, rents and income, I also devise Twenty
thousand (20,000) shares of the Common Stock of the
F. W. Woolworth Co. to the Trustees named in the Elev-
enth clause of this Will, same to be known as the Charlton
Building Trust." He then set out the disposition to be
made of income and principal, which was to be for the bene-
fit of his wife, his children, and descendants. He stated:
"It is my desire that the Trustees shall keep said Wool-
worth stock intact unless in their unanimous opinion it
seems advisable to invest it in other securities, and it shall
not be a reason for said sale and reinvestment that said
stock has considerably enhanced in market value." No
gifts of shares of stock other than the two foregoing were
made by the will.

The crucial question for decision is whether this gift of
twenty thousand shares was a general or a specific legacy.
The guardian appointed to represent minors and persons
unborn or unascertained who may be interested under the
eighth clause and the trustees under that clause contend
that it is specific. The probate judge instructed the trustees
on the basis that it is specific.

In the decision already referred to we pointed out the

characteristics of a specific legacy.   We need not repeat.
We decided that the gift of the ten thousand shares held
apart from the remainder of his stockholdings in the F. W.
Woolworth Co. up to the time of Charlton's death and
then standing apart from them was specific.   We are
unable to reach that decision here.   The tendency of courts
is to regard legacies to be general.   *Foote, appellant,* 22
Pick. 299, 302.   Ordinarily a gift of stock is general.   It
authorizes the executor of the will to deliver to the legatee
the number of shares given, if the testator has left a larger
number in his estate; or to go into the market and buy a
sufficient number to satisfy the gift, if there are no such
shares or an insufficient number in the estate.   *Slade* v.
*Talbot,* 182 Mass. 256, 258, and cases cited.   *Johnson* v.
*Goss,* 128 Mass. 433, 435.   *Thayer* v. *Paulding,* 200 Mass.
98.   *Fall River National Bank* v. *Estes,* 279 Mass. 380.   An
intent to make the gift specific may be shown.   If it is
specific, then the gift fails if, by the testator's act, the stock
described in the will is not in the estate.   See *Harvard
Unitarian Society* v. *Tufts,* 151 Mass. 76.   The rule of
construction is that the testator's intent shall prevail if it
can be ascertained from the language of the whole will
considered in the light of the circumstances and without
contravening any rule of law.   Applying that rule to the
facts before us we think the gift here was general.   By the
way in which he dealt with the ten thousand shares men-
tioned in the seventh clause, the testator showed clearly
that he knew of and appreciated the difference between a
specific and a general legacy.   In that case he earmarked
certificates for ten thousand shares so that, whatever might
be his holdings at his death, those shares could be identified
and known to be the very thing given by the clause of the
will — the thing that was to be turned over when he died
if it was then his property; the thing that would be lost to
the legatee if, before he died, he had destroyed its identity
or parted with it.   In the case before us he did nothing of
the kind.   Instead he devised land and added a gift of
twenty thousand shares of Woolworth stock which, if he
had none in his estate when he died, the executors were

impliedly directed to go into the market and buy. He did not even refer to the stock as "my" stock which, under the decision in *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, might be enough to make certain that he intended the gift to be specific. It is true that he directed that "said Woolworth stock" be kept intact; but those words relate to the stock when the executors had obtained it, and do not indicate an appropriation by the testator of identifiable property to the gift. See *Pope* v. *Hinckley*, 209 Mass. 323, 328. The latter is the essential thing in making the gift other than general: a specification by the testator of property then his or contemplated to become subject to the will which can be identified when he comes to die. *Foote, appellant*, 22 Pick. 299. *Bullard* v. *Leach*, 213 Mass. 117. *Tomlinson* v. *Bury*, 145 Mass. 346. This difference in his dealing with the gifts destroys any inference that he intended both to be specific founded upon the fact that only in those two gifts did he bequeath Woolworth stock.

Since the gift was general, it is unnecessary to consider the effect of the stock dividend or of the "split-up" resulting from the reduction of par value.

The decree of the Probate Court is reversed; and answer to the questions of the petition is to be made to (1), yes; to (2) and (3), no. The case is remanded for entry of a decree not inconsistent herewith; such order for compensation for the guardian *ad litem* and costs including charges and expenses of counsel is to be made as the judge of probate may deem just and equitable. G. L. (Ter. Ed.) c. 215, § 45.

*Ordered accordingly.*