MARTIN J. CONWAY, executor, *vs.* ELMER SHEA & others.

Hampden.    November 14, 1932. — February 13, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Devise and Legacy*, General or specific.

A legacy in a will, which also contained sundry pecuniary legacies and a devise of the testator's real estate, of "all of my remaining personal property, excepting however any money" was general; and under it the legatee took a motor vehicle, which the testator had purchased under a contract of conditional sale, subject to the lien of the vendor for an unpaid balance of the purchase price, and was not entitled to have such balance paid out of funds of the estate.

PETITION for instructions, filed in the Probate Court for the county of Hampden on March 18, 1931, and afterwards amended, by the executor of the will of Thomas Ash, late of Holyoke.

Material portions of the will, and a decree entered by order of *Davenport, J.,* are described in the opinion. The respondent Elmer Shea appealed.

The case was submitted on briefs.

*H. J. Lacey,* for Elmer Shea.

*T. C. Maher,* for Catherine Conway.

CROSBY, J. This is a petition brought by the executor of the will of Thomas Ash for instructions respecting the construction of the sixth clause of the will, which is as follows: "I give and bequeath to Elmer Shea all of my remaining personal property, excepting however any money which remains in bank, or which I may have on my person, or otherwise, after the payment of the aforesaid legacies." By previous clauses of his will the testator had bequeathed to a sister $500; to another sister $500 with the provision that if this sister should decease before the testator the

amount so given should be paid to Catherine Conway, another sister.  To six other persons pecuniary legacies of $100 each were given.  Under the fifth clause of the will the testator devised to his sister Catherine Conway all of his real estate for the term of her natural life, and after her death the said real estate was to vest in the children of said sister; if any of said children should decease before their mother the share of such child was to pass to the surviving child or children.  By the seventh clause he bequeathed to his sister, "all cash in bank, or on my person, or otherwise, which I may possess at the time of my decease, or which may be due or payable to me at the time of my decease, and not disposed of as aforesaid, absolutely."  At the time of his decease, the testator held title to an automobile truck under a conditional sale contract, the title to remain in the vendor until paid for.  There was still due under the contract the sum of $946.26.  It is the contention of the appellant, the legatee mentioned in the sixth clause of the will, that the balance due on the conditional sale agreement should be paid out of funds of the estate, and that he is entitled to the truck free from any claim of the vendor.  The decree of the Probate Court recites that Shea took the truck subject to the lien, and that the lien was not to be paid by the estate.  From this decree Shea appealed.

It is the contention of the appellant that the bequest to him under the sixth clause of the will is specific, and that the property is to be exonerated from all encumbrances under the rule stated in *Richardson* v. *Hall*, 124 Mass. 228, and *Johnson* v. *Goss*, 128 Mass. 433.  This contention cannot be sustained.  In *Robertson* v. *Broadbent*, 8 App. Cas. 812, the provision in the will there construed was similar to that in the present case.  After making certain pecuniary bequests the testator gave "all my personal estate and effects of which I shall die possessed, and which shall not consist of money or securities for money . . ." to the plaintiff, and bequeathed all the rest and residue of his estate, real and personal, to trustees upon certain trusts. It was held that the gift to the plaintiff was not specific

but general. In *Ouseley* v. *Anstruther*, 10 Beav. 453, the
testator gave all his personal estate, except a certain plate,
to one legatee. It was held that the testator did not intend
that the gift be specific and thus entitled to a preference
in the payment of debts of the estate. In *Howe* v. *Earl
of Dartmouth*, 7 Ves. 137, the testator's gift of "all his
personal estate whatsoever (except the furniture of Went-
worth Castle)" to his wife for life, subject to certain pay-
ments, was held not to be a specific legacy. See also *Fairer*
v. *Park*, 3 Ch. D. 309; *Brummel* v. *Prothero*, 3 Ves. 111;
*Aldridge* v. *Lord Wallscourt*, 1 Ba. & Be. 312. Although
the precise question here presented does not seem to have
frequently arisen in the courts of this country, the decisions
are in accord with the English courts. In *Kearns* v. *Kearns*,
7 Buch. 453, there was a bequest of "my household goods,
cash on hand or in bank, life insurance and all other per-
sonal property of every description." It was held that the
legacy was specific as to the goods, cash and insurance,
but general as to the other property. In *In re Wiggins*,
179 N. C. 326, a gift of "every species of personal property
that I may possess at my death, not named in my will"
was held to be a general bequest. In *Kelly* v. *Richardson*,
100 Ala. 584, 596, it was held that "A bequest of all the
testator's personal estate is a general bequest, nor is its
character in this regard changed by the fact that a specific
part is excepted out of the general bequest and given to
another." In *Matter of Woodworth*, 31 Cal. 595, 603, the
will provided, "I bequeath all my personal estate to my
brother." The bequest was held to be general. See also
*Walker's Estate*, 3 Rawle, 229; *Mayo* v. *Bland*, 4 Md. Ch.
484. In *Cooney* v. *Whitaker*, 192 Mass. 596, the testator,
after making a specific devise of certain real estate, gave
to his three sons "all the remainder of my real estate, to
be divided equally between them, in three equal shares."
It was held that the devise was general, and not specific.
"A specific legacy is one which separates and distinguishes
the property bequeathed from the other property of the
testator, so that it can be identified. It can only be satis-
fied by the thing bequeathed; if that has no existence,

when the bequest would otherwise become operative, the legacy has no effect." *Tomlinson* v. *Bury,* 145 Mass. 346, 347–348. *Moffatt* v. *Heon,* 242 Mass. 201, 203. The description in the will in the case at bar, "all of my remaining personal property, excepting . . . money," does not separate or distinguish the property bequeathed more definitely than "all the remainder of my real estate" in *Cooney* v. *Whitaker,* 192 Mass. 596. The tendency of courts is to consider legacies as general rather than specific. *Foote, appellant,* 22 Pick. 299, 302. *First National Bank of Boston* v. *Charlton,* 281 Mass. 72, 75. "The rule of construction is that the testator's intent shall prevail if it can be ascertained from the language of the whole will considered in the light of the circumstances and without contravening any rule of law." *First National Bank of Boston* v. *Charlton, supra.*

There is nothing in the other clauses of the will here considered indicating that the testator intended the gift in the sixth clause to be specific. We are of opinion that the bequest is general and that the appellant takes title to the truck subject to the lien of the vendor to which it was subject at the time of the testator's death, without exoneration by the estate.

*Decree affirmed.*