EDWARD L. MACOMBER, administrator with the will
annexed, *vs.* ALBERT F. KING, JUNIOR, & others.

Bristol.   October 22, 1934. — November 26, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Probate Court*, Reopening of hearing for further evidence.  *Contract,*
Implied.  *Devise and Legacy,* Specific or general.  *Executor and Ad-
ministrator*, Accounts, Set-off of legacy against debt.

Disposition of a petition by an administrator for the reopening of a
hearing on an account filed by him in order that certain material
evidence, which inadvertently had been omitted, might be intro-
duced, was within the discretionary power of the judge of probate;
and an appeal therefrom with no report of evidence showed no error.
A judge of probate, at the hearing upon an account of an administrator
with a will annexed, found that payments by the administrator to a
daughter of the testatrix for services rendered to and expenses paid
for the testatrix were proper and that the services and disbursements
were necessary for the comfort of the testatrix; that the daughter had
given up a position as school teacher in order to take care of her
mother; that the price charged was reasonable; that the daughter
expected to be paid; and that the testatrix understood, or as a rea-
sonable person ought to have understood, that the disbursements and
services were not gratuitous but that she was to pay for them.  The
items of payment were allowed.  *Held,* that
   (1) The circumstance, that the disbursements were made and serv-
ices rendered by a daughter, was no bar to allowance of the items;
   (2) No error was shown.
A testatrix by her will disposed of several parcels of real estate by spe-
cific devise, gave several small pecuniary bequests, and made a devise
to her husband of a life interest in a part, owned by her, of certain
real estate.  She then used the following language: "The remainder
is to be kept in the banks and the interest used to pay the tax on my
part of the estate, and for necessary repairs to buildings while my
husband lives."  There then followed further pecuniary bequests and
specific devises.  A legatee objected to items in an account of the ad-
ministrator with the will annexed which disclosed payment of a debt
of the estate from deposits in savings banks.  The items were allowed.
*Held,* that
   (1) The quoted words constituted a general and not a specific
legacy and did not create a trust;
   (2) The property to which those words were applicable was avail-
able for the payment of debts;
   (3) The items properly were allowed.

In the will above described, the testatrix made bequests of $5 each to six named grandchildren and two daughters-in-law, of $10 each to four of her children and one of $25 to her husband. A legatee objected to an item in the account of the administrator which showed a payment of $5 to one of the grandchildren who owed the testatrix $1,000, contending that such payment was in violation of G. L. (Ter. Ed.) c. 197, § 25. The item was allowed. *Held*, that

(1) The smallness of the legacy of $5 so paid and the context in the will showed that the testatrix's intent was that it should be paid as a keepsake or special remembrance rather than by set-off against the debt, and such intention should prevail;

(2) The item properly was allowed.

PETITION, filed in the Probate Court for the county of Bristol on January 5, 1934, for allowance of the first account of the administrator with the will annexed of Elizabeth R. King, late of Westport.

The petition was heard by *Hitch*, J. The evidence was not reported, and the judge filed findings of fact. Respecting the payments to the daughter, referred to in the opinion, the judge found: "The testatrix stated to her husband, Albert F. King, Sr., that she knew that . . . [the daughter] was spending all this money on the house and that she must be paid back and for what she did. I find that the testatrix under the circumstances understood, or ought to have understood as a reasonable person, that the money paid or advanced by the daughter as aforesaid was paid or advanced with the expectation of repayment and that the services hereinafter referred to were to be paid for."

Other material facts are stated in the opinion. The account was allowed. Albert F. King, junior, a son of the testatrix and a legatee, appealed.

*A. F. King, Jr.*, (*E. A. King* with him,) for Albert F. King, Jr.

*R. C. Westgate*, (*H. S. R. Buffinton* with him,) for the petitioner.

RUGG, C.J. This is an appeal from a decree allowing the first account of the administrator with the will annexed of Elizabeth R. King, deceased, testate. The appellant is her son.

After the hearing on the account had been closed, the accountant presented a petition to reopen the case in order that there might be introduced certain material evidence inadvertently omitted. There was no error in the allowance of this motion and in receiving further evidence. Reopening the case for reception of additional testimony was within the discretion of the trial judge. *Smith* v. *Merrill,* 9 Gray, 144. *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 379, 387. *Short* v. *Farmer,* 260 Mass. 102, 104.

There is no report of the evidence. At the request of the appellant the trial judge filed his findings of material facts. These must be accepted as true since they are not mutually inconsistent or plainly wrong.

The payment to Elizabeth G. E. King, a daughter of the testatrix, for services and expenses, is challenged. The finding is that these disbursements were proper and necessary for the comfort of the testatrix and that the daughter gave up a position as school teacher in order to take care of her mother, that the price charged was reasonable, and that she expected to be paid. The circumstance that these disbursements were made and services rendered by a daughter is no bar to payment. The testatrix understood, or as a reasonable person ought to have understood, that these disbursements and services were not gratuitous but that she was to pay for them. There was no error in the allowance of this item as a charge. *Sherry* v. *Littlefield,* 232 Mass. 220. *French* v. *Bray,* 263 Mass. 121, 123. *Tower* v. *Jenney,* 279 Mass. 208.

The payment of this account was rightly made out of the money of the estate in savings banks. The will of the testatrix was somewhat informal. By it she disposed of several parcels of real estate by specific devise, and gave several small pecuniary bequests. After a devise of a life estate to her husband in the half of the homestead farm owned by the testatrix, and several bequests, occur these words: "The remainder is to be kept in the banks and the interest used to pay the tax on my part of the estate, and for necessary repairs to buildings while my husband lives."

This is followed by other pecuniary bequests and by specific devises. The quoted words constitute a general and not a specific legacy and did not create a trust. *Cooney* v. *Whitaker,* 192 Mass. 596. *Bates* v. *Kingsley,* 215 Mass. 62. *First National Bank of Boston* v. *Union Hospital of Fall River,* 281 Mass. 64, 68. *Conway* v. *Shea,* 282 Mass. 25. The property covered by these words was available for the payment of debts. Such "remainder" could be determined only after the debts of the estate had been paid.

The will contains bequests of $5 each to six named grandchildren and two daughters-in-law. In the same group are bequests of $10 each to four of her children and one of $25 to her husband. Other more substantial provisions are made for her husband and children. One of the six grandchildren owed the testatrix a note for $1,000 secured by mortgage on real estate, which was overdue and which the accountant was not able to collect. The appellant contends that the payment of the legacy of $5 to this grandson should be disallowed because of G. L. (Ter. Ed.) c. 197, § 25, to the effect that a "debt due the estate of a deceased person from a legatee . . . of such estate shall be set off against and deducted from the legacy to such legatee . . . ." As matter of technical verbal construction, it is possible to hold that this section is applicable. The legacy, however, is very small and is in a context indicative of an intention on the part of the testatrix that it should be paid in fact as a keepsake or special remembrance rather than by set-off against the note. The intention of the testatrix should prevail. *Bigelow* v. *Pierce,* 179 Mass. 331.

There was no error in the denial of the several requests for rulings. They were either unsound in law or inapplicable to the facts found. They need not be examined in detail. So far as they need be noticed, they are disposed of by what has been said. The other contentions of the appellant need not be discussed. There is no merit in them. They all are covered by the adverse findings of fact.

*Decree affirmed.*