MAUD A. DOANE *vs.* CECIL H. BIGELOW, executor, & another.

Barnstable. January 10, 1936. — February 10, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Devise and Legacy,* Exoneration from encumbrances. *Probate Court,* Appeal. *Executor and Administrator.*

A devise of all the testator's interest, "free from incumbrances," in land which had been mortgaged by him, construed in the light of the relations of the parties, did not plainly show within G. L. (Ter. Ed.) c. 191, § 23, an intent of the testator that the mortgage note should be paid from the testator's estate.
Under G. L. (Ter. Ed.) c. 215, § 9, an executor of a will might appeal from an adverse decree of the Probate Court in a proceeding brought by a devisee of mortgaged land to compel payment of the mortgage note from the testator's estate.

PETITION, filed in the Probate Court for the county of Barnstable on December 26, 1934.

The respondent Cecil H. Bigelow, executor, appealed from a decree entered by order of *Campbell*, J. In this court, the petitioner moved to dismiss the appeal.

*H. T. Patten*, for the respondent Cecil H. Bigelow, executor.

*F. D. Nichols*, for the respondent The First National Bank of Boston.

*G. H. Hull*, for the petitioner.

LUMMUS, J. In a settlement of matrimonial difficulties, the petitioner's husband, in January, 1933, conveyed his house and land through a corporation as a conduit to Rueben Bigelow, the petitioner's employer, who four days later gave a note for $2,750, payable in 1938, to The First National Bank of Boston, and secured it by a mortgage of the house and land. On the same day Reuben Bigelow gave a lease of the house and land to the petitioner for five years at a rental of $165 payable on September 1 of each year, in addition to taxes, with the right to buy the property for $1,250 (the amount of a loan by him to the petitioner), and the assumption of the mortgage. Part at least of the money raised on the note and mortgage went to the corporation and perhaps ultimately to the husband. When Reuben Bigelow died on November 6, 1933, the property was worth $6,000, and no part of the mortgage note had been paid.

By the fifth paragraph of his will, executed on July 10, 1933, he released the petitioner from all obligations to him, and directed his executor "to release and convey to her, free from incumbrances, by such instruments as may be necessary, any and all right, title and interest which I may have at my decease in and to the house and land" in question. The mortgagee was and is willing to accept payment of the mortgage note, although it will not be due until 1938. The judge entered a decree ordering the executor of the will of Reuben Bigelow to pay the note and thus to exonerate the house and land. The executor appealed.

Until St. 1909, c. 198 (G. L. [Ter. Ed.] c. 191, § 23), one who was given a specific devise or legacy was entitled to have a debt of the testator paid out of the general assets

of the estate, to the exoneration of the property specifically devised or bequeathed, even where the debt was secured by a mortgage on that very property, unless the will charged the debt upon that property. *Hewes* v. *Dehon,* 3 Gray, 205. *Johnson* v. *Goss,* 128 Mass. 433, 435. *Morse* v. *Bassett,* 132 Mass. 502, 506. *Brown* v. *Baron,* 162 Mass. 56. *Hayward* v. *Hayward,* 199 Mass. 340. See also *Hays* v. *Jackson,* 6 Mass. 149; *Lee, appellant,* 18 Pick. 285; *Robinson* v. *Simmons,* 156 Mass. 123, 125, 126; *Cooney* v. *Whitaker,* 192 Mass. 596; *Conway* v. *Shea,* 282 Mass. 25; *Union Trust Co. of Springfield* v. *Nelen,* 283 Mass. 144, 149.

But under that statute "a specific devise of real estate subject to a mortgage given by the testator, unless the contrary shall plainly appear by his will, shall be deemed to be the devise of the interest only which the testator had at the time of his decease in such real estate over and above such mortgage"; with the result that the real estate devised, and not the general assets of the estate, becomes the primary fund for the payment of the mortgage debt. Real estate mortgaged by the testator himself is thus brought within the rule, previously applicable only to property taken by the testator subject to a mortgage, that a specific devisee is not entitled to have the mortgage debt paid out of the general assets of the estate unless the will shows an intention to that effect. *Andrews* v. *Bishop,* 5 Allen, 490. *Creesy* v. *Willis,* 159 Mass. 249, 251. *Porter* v. *Howe,* 173 Mass. 521, 526.

The question in this case is, whether an intention that the mortgage note be paid out of the general assets of the estate plainly appears by the will. The terms upon which the testator held the property are material, and as to them the report is not wholly satisfactory. The answer of the executor admits that the property "constitutes part of his [the testator's] estate," and that the right, title and interest of the testator therein was the equity of redemption. The judge finds that "the testator was holding this property as his own, at least, as far as the records show." Yet it does not appear that the testator thought of the property as completely his. It came from the petitioner's

husband, and may have been held by the testator to avoid the attachment of rights by curtesy, and to furnish him security for his advances. The annual rental to be paid by the petitioner was exactly the sum needed to pay the interest on the mortgage. She was to pay the taxes. She was entitled to the property at any time during the term of the lease upon assuming the mortgage and repaying the loan. There was much tending to show that substantially, though perhaps not technically, the testator was holding the property for the petitioner. By his will, he discharged her indebtedness to him, and directed a conveyance of his "right, title and interest" to her, "free from incumbrances." By "incumbrances" he may well have had in mind his right to hold the property until his debt should be paid, and the right to look to the property for the payment of the debts of his estate. On the whole, we think that an intent to free the property from the mortgage debt at the expense of the general assets of his estate, does not "plainly appear by his will."

The executor was a "person aggrieved" by the decree, entitled to appeal under G. L. (Ter. Ed.) c. 215, § 9. His official duty required him to conserve the assets of the estate, and not to permit them to be misapplied. If he felt that the decree below did injustice, it was his right and duty to appeal. *Wiggin* v. *Swett*, 6 Met. 194. *Smith* v. *Sherman*, 4 Cush. 408, 411, 412. *Martin* v. *Gage*, 147 Mass. 204. *Adams* v. *Adams*, 211 Mass. 198, 200. See also *Monroe* v. *Cooper*, 235 Mass. 33, 34. The case is not like those in which an executor has brought a bill of interpleader or a petition for instructions, and thus by the very form of the proceeding has barred himself as executor from being concerned with the result. Equity Rule 22 (252 Mass. 606). Rule 106 of the Superior Court (1932). Equity Rule 31 of the Probate Courts (1934). *Batchelder, petitioner*, 147 Mass. 465, 470, 471. *Watson* v. *Erickson*, 276 Mass. 185, 187. *Dockray* v. *O'Leary*, 286 Mass. 589.

> *Motion to dismiss appeal denied.*
> *Decree reversed.*
> *Petition dismissed.*