RUTH KAPLAN *vs.* SAMUEL LEADER, executor.

Suffolk. October 6, 1936. — March 31, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Devise and Legacy*, General or specific. *Executor and Administrator*, Payment of legacies.

A devise of "all my real estate now had by me wheresoever the same may be located" was specific and such real estate could not be charged with payment of a general legacy upon deficiency of personalty.

PETITION, filed in the Probate Court for the county of Suffolk on December 19, 1935, to charge real estate, late of Charles Kaplan of Chelsea, with payment of a general legacy.

The petition was heard by *Dillon*, J., and was dismissed. The petitioner appealed.

*S. S. Bergson*, for the petitioner.

*E. L. Leffler*, for the respondent.

LUMMUS, J. The will of Charles Kaplan gave $1,000 to his daughter Ruth Kaplan; various specific legacies of personalty to his four sons; "all my real estate now had by me wheresoever the same may be located" to the same four sons; and all the residue of his estate, real and personal, to the same four sons.

The testator owned when the will was made and at his death an equity of redemption, valued at $4,000, in the house and land where he lived. When the will was made he had more than enough personal property to satisfy the legacy to Ruth Kaplan, but at his death he had none. The judge dismissed her petition to have her legacy charged against the real estate, and paid out of its proceeds, and she appealed.

A specific devise or legacy is one that identifies the property given. It can be satisfied only by that very property. If that property cannot pass, the devisee or legatee is entitled to no substitute. *Tomlinson* v. *Bury*, 145 Mass. 346. *Bullard* v. *Leach*, 213 Mass. 117, 121. *Moffatt* v. *Heon*, 242 Mass. 201. *First National Bank of Boston* v. *Charlton*, 281 Mass. 72, 76. *Conway* v. *Shea*, 282 Mass. 25, 27, 28. To be specific, a gift need not describe the property minutely, but may do so in general terms. As a rule, a gift of either the real or the personal property, meaning all property of that class which the testator may have at his death, will be deemed general. *Cooney* v. *Whitaker*, 192 Mass. 596. *Conway* v. *Shea*, 282 Mass. 25, 88 Am. L. R. 551, and note. But a gift of all property of that class which the testator has at the time of making the will, ordinarily is as specific as though each piece of property were listed and particularly described. *Tomlinson* v. *Bury*, 145 Mass. 346, 348. *Foote, appellant*, 22 Pick. 299. *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, 78.

The devise of the real estate to the sons was limited to that owned at the making of the will. In our opinion it

was a specific devise.   The devisees are entitled to the specific property, even though the general legacy to Ruth Kaplan will remain unpaid.  *Humes* v. *Wood,* 8 Pick. 478. *Ellis* v. *Page,* 7 Cush. 161, 163.  *Johnson* v. *Home for Aged Men,* 152 Mass. 89, 93, and cases cited.

*Decree affirmed.*