AUBREY Z. GOODFELLOW, executor, *vs.* FRANCIS L. NEWTON & others.

Worcester.     September 24, 1946. — November 8, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Devise and Legacy,* Exoneration from encumbrances. *Executor and Administrator,* Real estate of decedent. *Mortgage,* Of real estate: exoneration from mortgage, blanket mortgage.

One taking by the residuary clause of a will two of four parcels of land covered by a blanket mortgage given by the testator to secure his debt was entitled to have a specific devisee of the other two parcels contribute to the payment of the mortgage debt in proportion to the value of the specifically devised parcels as compared with the total value of the four parcels.

PETITION, filed in the Probate Court for the county of Worcester on July 18, 1945.

The case was heard by *Wahlstrom,* J., who entered a decree providing in part: "The court doth order and decree that the mortgage should be allocated to all four parcels of real estate covered by the mortgage in proportion to their value as of the date of death of the testator; and the court doth further order and decree that the value of all four properties included within the mortgage was $56,450 at the date of death; that the value of the two parcels thereof devised specifically to Newton was $11,150 at the date of death, or 19.75% of the total value; that Newton took the parcels devised to him subject to 19.75% of the mortgage of $48,400 and to the interest accrued to the date of death of $228.50, or $9,604.13; that Newton is further account-

able to the executor for 19.75% of the interest which accrued from the date of death to the date of payment of the mortgage of $2,181.93, or $430.92; that Newton is presently accountable to the executor for the total sum of $10,035.05; that Newton pay to Aubrey Z. Goodfellow, executor, the sum of $10,035.05 within thirty . . . days after this decree shall become final; and in default thereof, that the executor sell the real estate and apply the proceeds to the payment of the $10,035.05, together with the costs and expenses of the sale, and deliver the balance thereof, if any, to said Newton."

The respondent Newton appealed.

*I. E. Erb*, for the respondent Newton.

*H. G. Bowen*, for the respondents Perry and another.

LUMMUS, J.   This is a petition by the executor of the will of Agnes M. Choate, late of Fitchburg, for instructions as to his duties under her will.   The facts are agreed.   At the death of the testatrix on July 7, 1944, she owned among other parcels of real estate and personal property the following four parcels of real estate: (a) the Pine Street parcel, worth $6,100, which until September 3, 1942, was unencumbered; (b) the Charles Street parcel, worth $5,050, which until September 3, 1942, was unencumbered; (c) the Main Street parcel, worth $8,300, which for some years and until September 3, 1942, was covered by a mortgage for $10,000 given by the testatrix and held by the Fitchburg Savings Bank; and (d) the Prichard Street parcel, worth $37,000, which for some years and until September 3, 1942, was covered by a mortgage given by others and held by the Fitchburg Savings Bank, upon which there was due an unpaid balance of $38,400, which the testatrix had assumed and agreed to pay.   In the summer of 1942 the Fitchburg Savings Bank deemed the security upon its two mortgages inadequate, and threatened to foreclose, with the result that on September 3, 1942, the testatrix gave to the bank in substitution for the old mortgage notes a new note for $48,400, the aggregate amount due on the old mortgage notes, and secured it by a new blanket mortgage covering all four parcels.   When the testatrix died she owed the bank

the principal of the new note and $228.50 as interest thereon, a total of $48,628.50.

By her will, executed on January 20, 1944, the testatrix devised specifically to the respondent Francis L. Newton the Pine Street parcel and the Charles Street parcel. There were other legacies, general and specific, and other specific devises. The other two of the four parcels in question, namely, the Main Street parcel and the Prichard Street parcel, passed without mention by the residuary clause in equal shares to the respondents Vera Lesure Perry and Gladys Howland. The executor paid the blanket mortgage note out of property left by the testatrix, without requiring the respondent Francis L. Newton or the parcels specifically devised to him to contribute, relying upon his written undertaking to contribute any amount for which the parcels specifically devised to him might subsequently be held liable. The controversy is between the respondent Newton, on one side, and the respondents Perry and Howland on the other.

Prior to January 1, 1910, when St. 1909, c. 198, took effect, a mortgage note given or assumed by a testator and therefore constituting a debt of his estate (*Andrews* v. *Bishop*, 5 Allen, 490; *Creesy* v. *Willis*, 159 Mass. 249, 251; compare *Porter* v. *Howe*, 173 Mass. 521, 526), as in the present case, was primarily payable out of the personal estate of the testator not specifically bequeathed, in the absence of a contrary direction in the will for marshalling the assets. *Hays* v. *Jackson*, 6 Mass. 149, 151, 152. *Lee, appellant*, 18 Pick. 285, 288. *Hewes* v. *Dehon*, 3 Gray, 205. *Plimpton* v. *Fuller*, 11 Allen, 139, 140. G. L. (Ter. Ed.) c. 202, §§ 1, 9. The result was, that not only land specifically devised but also land passing by a general devise or as intestate property was entitled to be exonerated by the personal estate not specifically bequeathed from a mortgage debt for which the testator was personally liable. *Morse* v. *Bassett*, 132 Mass. 502, 506. *Staigg* v. *Atkinson*, 144 Mass. 564, 571. *Robinson* v. *Simmons*, 156 Mass. 123, 125, 126. *Hayward* v. *Hayward*, 199 Mass. 340, 342. Note, 5 Am. L. R. 488. But since a residuary gift passes nothing

except what may remain after all debts and all other legacies and devises are satisfied, a residuary devisee could not require exoneration or contribution from other devisees or legatees. *Blaney* v. *Blaney*, 1 Cush. 107. *Webster* v. *Webster*, 105 Mass. 538, 543. *Bowen* v. *Hoxie*, 137 Mass. 527. *Tomlinson* v. *Bury*, 145 Mass. 346, 347. *Sawyer* v. *Freeman*, 161 Mass. 543, 546. *Robinson* v. *Cogswell*, 192 Mass. 79, 83. *Cooney* v. *Whitaker*, 192 Mass. 596. *Hayward* v. *Hayward*, 199 Mass. 340, 342. *Smith* v. *Livermore*, 298 Mass. 223, 228. See also *Conway* v. *Shea*, 282 Mass. 25, 88 Am. L. R. 551; *Macomber* v. *King*, 288 Mass. 381.

A partial change was made in the preëxisting law by St. 1909, c. 198, now G. L. (Ter. Ed.) c. 191, § 23. That statute provides as follows: "A specific devise of real estate subject to a mortgage given by the testator, unless the contrary shall plainly appear by his will, shall be deemed to be the devise of the interest only which the testator had at the time of his decease in such real estate over and above such mortgage." The statute proceeds to give the executor the right to sell the real estate for the purpose of restoring to the estate what was paid out of the testator's "other property" to satisfy the mortgage debt. The statute was applied in *Doane* v. *Bigelow*, 293 Mass. 406.

The statute, it will be noticed, relates only to a "specific devise" of real estate. Applied to the two specific devises to the respondent Newton, the statute allowed him only such interest in the Pine Street parcel and the Charles Street parcel as might remain "over and above" the blanket mortgage, unless a contrary intent "plainly" appeared. The residuary devises to the respondents Perry and Howland were general and not specific (*Cooney* v. *Whitaker*, 192 Mass. 596; *Kaplan* v. *Leader*, 297 Mass. 145), and were not affected by the statute. But in the nature of things and wholly apart from the statute the residuary devises were subject to the mortgage debt, for nothing passed by them except what might remain after all the debts of the testatrix, including the debt upon the blanket mortgage, were paid.

The question in the present case is whether the judge was

right in holding that the specific devises and the residuary devises are on an equality with respect to their duty to contribute to the discharge of the blanket mortgage, and that all must contribute in proportion to value.

The respondent Newton relies on *Brownson* v. *Lawrance*, L. R. 6 Eq. 1, 6 (1868), a case arising under Locke King's Act, 17 & 18 Vict. c. 113. In that case Lord Romilly assumed that the law of England was, like our law, that a residuary devise is not specific. *Blaney* v. *Blaney*, 1 Cush. 107, 116. *Winchester* v. *Forster*, 3 Cush. 366. *Farnum* v. *Bascom*, 122 Mass. 282, 286. *Cooney* v. *Whitaker*, 192 Mass. 596, 599. G. L. (Ter. Ed.) c. 191, § 19. He held that the residuary devise, rather than a specific devise, must bear the primary burden of a blanket mortgage. His view was followed in *Estate of Hill*, 87 Pa. Super. Ct. 173 (1926). But his assumption as to the law of England has been held erroneous, and his decision consequently has been overruled. *Gibbins* v. *Eyden*, L. R. 7 Eq. 371, 375 (1869). *Sackville* v. *Smyth*, L. R. 17 Eq. 153. *In re Smith*, 33 Ch. D. 195. 3 Jarman, Wills (7th ed. 1930) 1991.

It may be thought anomalous to require a specific devisee to contribute proportionately with a residuary devisee. But the very purpose of G. L. (Ter. Ed.) c. 191, § 23, is to cut down the rights of a specific devisee for the benefit of the residue of the estate. And it seems even more anomalous to give to the specific devisee a right of exoneration when the statute provides that he shall have none but shall take subject to the mortgage. On the whole, we think the judge was right.

*Decree affirmed.*